*329 This was an action brought on a promissory note, wherein judgment was entered for the plaintiff, subject to a point reserved, which shortly was:
The plaintiff was a citizen of South Carolina and the defendant a citizen of Pennsylvania for above six years previous *3301 to * commencement of the suit. The doubt was, -* whether the act of limitations barred the plaintiff from a recovery of his demand? The point was argued at the last April term, by Mr. Rawle for the plaintiff, and Dallas for the defendant.
On the part of the plaintiff, it was urged, that the construction of the act of assembly of 37th March 1713, pa. 69, had always been, that persons out of the former province, (now state) were within the saving of the act. There is a material difference in the penning of our act and the British statutes of ai Jac. 1, c. 16, and 4 and 5 Ann. c. 16. The words of the former statute, § 7, are plaintiffs “returned from beyond seas.” 3 Ruff. stat. 103; the latter statute, § 19, saves the rights of absent defendants “till after their return from be- “ yond the seas.” 4 Ruff stat. 307. But the last proviso in our act has a saving “in case of persons beyond sea at the £ ‘ time of the cause of action accrued, who shall be at liberty ‘ ‘ to bring their actions within such times as are thereby before limited, after their returning into this province, as ‘1 other persons. ” In 1 Bl. Rep. 386, it is well remarked by Morton, that until the union of the crowns under James the first, the constant language of the legislature, was ‘ ‘ persons “ out of the realm.” But when the whole island came under the government of one prince, the language was altered to persons “ beyond seas.” Our legislature by omitting the words of an act of parliament must be supposed to do it intentionally, and not accidentally. Dali. 37.
The words of our act must not be taken in a strict geographical sense as to persons “ beyond sea; ” for in such case, they might not even be extended to Brazil, which would be highly absurd. The plain question is, whether persons out of the jurisdiction of the courts of this state, though not literally beyond sea, are not entitled to the same benefit?
On the part of the defendant it was said, that no such construction had prevailed, as was contended for by the plaintiff The proviso in favor of absent plaintiffs under the act of 1713, was expressly confined to persons ‘ ‘ beyond sea, ’ ’ and the subsequent words ‘ ‘ after their returning into this province, ’ ’ will not narrow the first expression or distance. The clause in the statute of 31 Jac. 1, c. 16, has been adjudged to extend only to persons, who are actually beyond seas; and one resident at Glasgow in Scotland was held not to be within the proviso of the statute. 1 Bl. Rep. 386. 1 Espin. 153. If the plain ■meaning of the words of the act are not to be pursued, it may *330 be as well contended, that the right of a person on the shores of New Jer*sey, opposite to the city, is saved, which r*oo-i would he full as absurd, as the case of the foreigner in *- Brazil.
Cited in 20 Pa., 509, in support of the proposition that the states of the Union are not foreign states to each other.
Cited in 33 Pa., 375, to support the decision that the words “beyond sea” in the Act of July 30, 1842, are to be construed to mean “without the United States.” See also 9 S. & R., 266, 288.
The court took time to advise, and now the chief justice delivered their opinion.
The only difficulty we felt on the former argument arose from our doubts, whether the judicial authorities in our sister states might not have pronounced the citizens of other states to be within the savings of their acts of limitation; but our minds are now relieved on that score, from the inquiries we have made.
The words ‘ ‘ beyond sea ’ ’ in our act have a clear definite . meaning, about which there can be no doubt, or difficulty. The state of South Carolina cannot be deemed beyond sea, as to our own state. Mr. Justice Wilmot in i Bl. Rep. 287, calls the statute of 21 Jac. 1, c. .16, a noble beneficial act, and says it should be construed liberally. We may with equal propriety, assert the same of our own act of limitations. And judging according to the expressions, the legistature has made use of, we are bound to say that a citizen of South Carolina is not within the saving.
We have made the most minute inquiries into the practice of other states in this particular; and the result has been, that their resolutions have been very generally the same as what we now pronounce. In the case of Gustin v. Brattle, in Connecticut, (Kirby 299) absence at Halifax beyond the jurisdiction of the United States was adjudged not to be beyond sea, within the intent of their statute of limitations. It is true, the judgment is said to be reversed in the Supreme Court of Errors. Kirby 310. There were three points made in that cause, but on which of them the judgment was reversed, is not stated in that report. We have been well informed, the reversal was not had on the point now before us.
Our opinion unanimously therefore is, that judgment should be entered in this action for the defendant, ás in case of a non-suit.