## Gonder *versus* Estabrook.

The residence of a defendant in another of the United States, does not prevent the running of the Statute of Limitations in his favour. The words "beyond sea," in the Act 30th July 1842, are to be construed to mean "without the United States."

ERROR to the Common Pleas of *Lancaster county*.

This was an action of *assumpsit* by T. D. Estabrook against Benjamin B. Gonder, on a promissory note for $510, dated the 8th March 1856, and payable one year and eight months after date, with interest.

The defendant pleaded a set-off, consisting of a note for $1000, dated the 23d March 1850, at ninety days. . The plaintiff replied the statute of limitations; to which the defendant rejoined, that

[Gonder v. Estabrook.]

the plaintiff was not within the state of Pennsylvania, at the time the set-off accrued, nor at any time since.    To this there was a general demurrer.

The court below gave judgment for the plaintiff on the demurrer; whereupon the defendant sued out this writ, and here assigned the same for error.

*Franklin,* for the plaintiff in error.—The words " beyond sea," in the 27th section of the Act 30th July 1842, *Brightly's Purd.* 540, pl. 14, have received a judicial construction in the Supreme Court of the United States, and in the courts of nearly every state in the Union, and have been uniformly regarded as a technical expression, meaning *out of the limits of the state :* Faw v. Roberdeau's Executor, 3 *Cranch* 174 ; Murray v. Baker, 3 *Wheat.* 541; Shelby v. Guy, 11 *Id.* 361; Bank of Alexandria v. Dyer, 14 *Pet.* 141; Galusha v. Cobleigh, 13 *N. H.* 79; Ruggles v. Keeler, 3 *Johns.* 263; Pancoast v. Addison, 1 *H. & Johns.* 320 ; Forbes v. Foote, 2 *McCord* 331; Johnston v. White, *T. U. P. Charlt.* 140 ; Richardson v. Richardson, 6 *Ham.* 125 ; West v. Pickeismer, 7 *Id.* 235 ; Field v. Dickenson, 3 *Pike* 409 ; 2 *U. S. Dig.* 810–11, and cases there cited.    If we admit that the cases of Ward v. Hallam, 2 *Dall.* 217, and Thurston v. Fisher, 9 *S. & R.* 288, are to be regarded as binding on the construction of the Act of 1713, there are obvious reasons for giving a more liberal construction to the Act of 1842.

*Hiester,* for the defendant in error, cited and relied on the cases of Ward v. Hallam, 2 *Dall.* 217, and Thurston v. Fisher, 9 *S. & R.* 288.

The opinion of the court was delivered by

LOWRIE, C. J.—The exceptions in section five of the Limitation Act of 1713 are in favour of disabilities of the plaintiff, existing at the time the cause of action accrues.    One of the disabilities provided for is, that of the plaintiff being " beyond sea."    The Act of 30th July 1842, § 27, *P. L.* 456, amends the Act of 1713, by making the fact that the defendant is " beyond sea," an exception to the Limitation Act.    Of course, then, this phrase has the same meaning in both acts.    With us it has always been understood to mean outside of the United States; 1 *Yeates* 329; 9 *S. & R.* 266, 288; and the Act of 1842 does not pretend to alter the law in this regard.    So far as relates to this set-off, the plaintiff is to be regarded as defendant; but his residence outside of the state, and not out of the United States, does not prevent the running of the statute.    The demurrer was, therefore, rightly decided.

Judgment affirmed, and record remitted.