## McGRATH v. HELENA RUBINSTEIN, Inc.

District Court, S. D. New York.
July 15, 1939.

Irving T. Bergman, of Brooklyn, N. Y., for plaintiff.

Ireland & Cohen, of New York City (William C. Fiest, of New York City, of counsel), for defendant.

JOHN W. CLANCY, District Judge.

Plaintiff, who was and is a resident of Pennsylvania, brings this action against the defendant, a New York corporation, alleging that on or about the 1st day of May, 1936, she purchased a cosmetic manufactured and distributed by the defendant corporation; that the purchase was made in a drugstore in Pennsylvania from a representative of the defendant corporation; that after using this cosmetic plaintiff suffered injuries to her face and skin.

The one cause of action is based upon allegations of implied warranty and guaranty, express warranty and false representation of defendant's representative and negligence. Defendant has made no motion addressed to the form of the complaint.

Defendant, for a first, affirmative defense, alleges the statute of limitations of Pennsylvania and, for a second defense, res adjudicata. Plaintiff moves to strike out the first and second defenses and defendant makes a cross motion for judgment on the pleadings and summary judgment.

We shall consider the complaint as one alleging two separate and distinct causes of action; one for negligence and one for breach of warranty, although they have not been separately stated. Both causes of action arose in the State of Pennsylvania where the cosmetic was used and purchased in 1936. Restatement Conflict of Laws, §§ 332 and 377. The Pennsylvania statute of limitations in actions for personal injuries arising out of negligence is two years. Defendant alleges that an action for breach of warranty arises out of the same negligence and is governed by the same statute of limitations. With this we are not in accord as the actions are based upon entirely different theories. The duty breached by negligence is relative; that of a warrantor is absolute and negligence as such is then irrelevant. Applying the Pennsylvania statute to the tort action we have a resident of Pennsylvania suing a resident of New York on an action which accrued more than two years earlier in Pennsylvania. Defendant was at no time a resident of Pennsylvania; plaintiff at no time a resident of New York. It is our understanding of the law of Pennsylvania that the non-residence of a defendant who was not a resident of Pennsylvania at the

824

time the action accrued, but a resident of another of the United States, does not bar the running of the statute. Gonder v. Estabrook, 33 Pa. 374; Hunter v. Bremer, 256 Pa. 257, 100 A. 809, Ann.Cas.1918A, 152. New York's statute, Civil Practice Act, § 13, makes the Pennsylvania law binding on the plaintiff, a non-resident of New York, and the law of Pennsylvania, which determines any tolling of the statute, binds her too. Isenberg v. Rainier, 145 App.Div. 256, 130 N.Y.S. 27; Hanna v. Stedman, 230 N.Y. 326, 130 N.E. 566; Irving National Bank v. Law, 2 Cir., 10 F.2d 721. We follow the law of the Courts of this State in enforcing the statute of limitations. Quinette v. Pullman Co., 8 Cir., 229 F. 333; Irving National Bank v. Law, supra. Inasmuch as, after issue has been joined, the bar of the statute of limitations to the tort complaint appears on the face of the pleadings and the plaintiff has not presented any facts which would toll the running of the statute, we believe that the defendant's motion must be granted, sustaining the limitation against so much of the complaint as alleges an action for negligence. Plaintiff's motion to strike out this defense is denied.

Plaintiff originally commenced an action in the State of Pennsylvania against the drugstore keeper and the manufacturer, the defendant here. Plaintiff states, and it is not denied, that the Pennsylvania action proceeded solely against the drugstore as it was therein held that no proper service was made upon this defendant. Plaintiff further contends that the drugstore which prevailed in the Pennsylvania action pleaded lack of knowledge and no relationship to the manufacturer other than mechanical stocking and selling. Plaintiff alleges here that the sale was made by defendant's own representative. It is conceivable that the warranties of the drugstore, if any, and of the manufacturer, if any, might be different in nature and extent. While it is also conceivable that the decision of some of the issues litigated in the Pennsylvania action may now be binding upon and effect an estoppel against the plaintiff, the issues in both actions are by no means necessarily coextensive.

The defense, therefore, is not necessarily either defective or conclusive. It follows that both the plaintiff's and the defendant's motions, addressed to this second, affirmative defense, should be denied.