A. L. JACKSON AND L. G. COOPER, RECEIVERS, v. INTERNATIONAL HARVESTER COMPANY ET AL.

(Filed 1 October, 1924.)

**1. Evidence—Nonsuit—Trials.**

Upon a motion to nonsuit upon the plaintiff's evidence, the evidence must be viewed in the light most favorable to the plaintiff.

**2. Limitation of Actions—Actions—Principal and Agent.**

The burden of proof is on the plaintiff to show that his cause of action is not barred by the statute of limitations when the defendant sets up this plea as a bar thereto; and where a principal has been sued, and after the statute has run against his agent, the plea of the statute is available to the latter.

APPEAL by plaintiffs from *Daniels, J.,* at May Term, 1924, of PITT.

Civil action to recover for an alleged breach of warranty and fraud in the sale of an automobile truck.

From a judgment of nonsuit entered at the close of all the evidence, plaintiffs appeal.

*P. R. Hines and Julius Brown for plaintiffs.*
*F. G. James & Son and H. C. Carter for defendants.*

STACY, J. Without stating the facts, which are somewhat complicated and make a rather long story, we are convinced, from a careful perusal of the record, viewing the evidence in its most favorable light for plaintiffs, the accepted position on a motion to nonsuit, that the case was properly dismissed or nonsuited.

Suffice it to say, the action was originally instituted against the International Harvester Company of America as sole defendant. Upon the trial, plaintiffs' counsel, Mr. Hines, learning that his witnesses would not say they were agents of the defendant as he had been led to believe they would, stated that he "looked around and saw he was in a bad fix"—meaning that plaintiffs were thereby unable to prove their case; whereupon he asked the court to order a mistrial and allow him to bring said witnesses in and make them parties defendant, to the end that he might charge them with fraud in the sale of said truck and also with breach of warranty. This was done, but not until four and a half years after the alleged cause of action for breach of warranty arose.

There was no evidence of any fraud on the second hearing, from which this appeal is prosecuted. The following is taken from the record: "In answer to an inquiry from the court, attorneys for plaintiff stated that they didn't consider there was sufficient evidence of fraud to submit such an issue to the jury." The new defendants interposed a plea of the statute of limitations in bar of plaintiff's right to recover as against them. The trial court held the plea to be good, and this ruling must be approved. In the face of such a plea the burden was on the plaintiffs to show that the suit, as against the defendants making the plea, was brought within three years from the time of the accrual of the cause of action against them, or that otherwise it was not barred. *Rankin v. Oates,* 183 N. C., 517; *Tillery v. Lumber Co.,* 172 N. C., 296. Having failed to make out a valid cause of action against any of the defendants, the judgment of nonsuit was properly entered.

Affirmed.