The land in controversy originally belonged to J. C. Surles, who died sometime prior to the year 1884, and was included in the dower allotment to his widow, Mary E. Surles, who in the year 1886, conveyed her *Page 239 
interest to the Wilmington Weldon Railroad Company. Said land is now owned by the Atlantic Coast Line Railroad Company, defendant. The Wilmington Weldon Railroad Company consolidated with defendant and it took over the land. The fee-simple title to the land in controversy, subject to the dower right of Mary E. Surles, was conveyed by Daniel Stewart, commissioner, to H. A. Hodges, the same land was conveyed by J. H. Pope, sheriff, to the plaintiff, E. F. Young, by deed 1 November, 1897, and in turn the same was conveyed to Alma F. Young, by deed dated 16 February, 1906, from R. L. Godwin, J. M. Hodges and J. D. Barnes, trustees in bankruptcy of E. F. Young. The present plaintiffs, J. R. Young and Isabelle Y. Williams, are the heirs at law of Alma F. Young and E. F. Young, her husband. The Wilmington Weldon Railroad Company was incorporated prior to 1868.
The defendant railroad, about the year 1886, appropriated the strip of land in controversy and has continually used the same since that time. The life tenant, Mary E. Surles, died 10 March, 1909, and this first action by Alma F. Young and E. F. Young was brought 26 October, 1909, by summons being issued and duly served. The action was nonsuited at the February Term, 1918, within the year allowed by law after the nonsuit, this second action was brought, a summons issued and duly served, and complaint filed in the latter suit on 3 February, 1919. No complaint was filed in the first suit.
Other necessary facts and the exceptions and assignments of error will be considered in the opinion.
Plaintiffs', appellants', exceptions and assignments of error are as follows:
"1. The witness, E. F. Young, was asked the following question:
"Q. State, Mr. Young, whether or not the causes of action in the first and in the second are identical or different?
"The defendant objected, sustained, and the plaintiffs excepted, this being plaintiffs' first exception. The witness would have answered that the causes of action were the same.
"2. The court erred in sustaining the motion of the defendant to nonsuit the plaintiffs at the close of all of the evidence of the plaintiff, and in signing the judgment of record, to which the plaintiffs duly objected, excepted and appealed therefrom."
Mary E. Surles, the widow of J. C. Surles, owned a life estate (dower) in the land in controversy — it was allotted to her about 1886. The railroad was put through the land in 1883, and the Atlantic *Page 240 
Coast Line Railroad Company, defendant, took possession in 1886. Mary E. Surles sold her interest to the Wilmington Weldon Railroad Company, about the year 1886, and defendant, Atlantic Coast Line Railroad Company, now owns her said interest. The possession of said land has been in defendant, Atlantic Coast Line Railroad Company and its predecessor since 1883. Double tracks, side tracks, etc., were constructed on the land and the land used by defendant railroad in its ordinary business as a common carrier. Mary E. Surles died 10 March, 1909. Alma F. Young and E. F. Young, her husband, brought suit against the Atlantic Coast Line Railroad Company on 26 October, 1909. Summons was duly issued and served on defendant 28 October, 1909. No complaint or pleadings of any kind were ever filed in this action and the same was nonsuited at February Term, 1918, of Harnett County. After the nonsuit, E. F. Young and Alma F. Young had summons issued against defendant 30 January, 1919, and duly served on defendant within the year after nonsuit. Complaint was duly filed in the last action for the land in controversy and damages on 3 February, 1919. Since the commencement of this last action, Alma F. Young has died. Her children, J. R. Young and Isabelle Y. Williams, her only heirs at law, have been made parties plaintiff.
The first question presented on the record for our decision is the competency of the testimony of E. F. Young. He was offered as a witness to show by parol that the cause of action commenced by Alma F. Young, his wife, he being a party plaintiff to same, in which summons was issued 26 October, 1909, and no complaint or pleadings were filed, was identical with the action started 30 January, 1919, in which complaint was duly filed for the land in controversy and damages. The second suit, in which the complaint is filed, is now by E. F. Young who is a tenant by the curtesy in the lands of his wife Alma F. Young, and his children by Alma F. Young owning the remainder. This suit is to recover his wife's land and damages. When the suit was first brought, she had the right of action. C. S., 454, sec. 1: "When the action concerns her separate property, she may sue alone." Can he now by parol testify as to what his wife's suit, regularly started by summons being issued and no complaint filed, was about over defendant's objection? Our civil procedure is broad and liberal, but we must have orderly procedure, and we cannot hold parol testimony is competent under the facts and circumstances in this case.
25 Cyc. of Law and Procedure, p. 1315-16, is as follows:
"Nature or form of action. In order that the second action may be deemed a continuation of the first, the cause of action must be the same in both cases. This does not mean that the second suit be a literal copy of the first, or that the same form of action should be *Page 241 
adopted. A new action of any kind is permitted, having for result the same relief as was sought in the original action. The court will not presume that the first suit was for the same cause of action as the second; but plaintiff must establish the identity of the causes of action in the two suits, by the record, and it cannot be shown by evidence aliunde."
C. S., 415, is as follows: "If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited, or a judgment therein reversed on appeal, or is arrested, the plaintiff or, if he dies and the cause of action survives, his heir or representative may commence a new action within one year after such nonsuit, reversal, or arrest of judgment, if the costs in the original action have been paid by the plaintiff before the commencement of the new suit, unless the original suit was brought informa pauperis."
It was held in Gibbs v. Crane Elevator Co., 180 Ill., p. 191, under statute similar to C. S., 415, supra, headnote 4, as follows:
"Where, after the usual praecipe the summons in an action of case, the plaintiff is nonsuited for failure to file a declaration, the court cannot presume that a second suit brought thereafter for a personal injury was based upon the same cause of action as the first suit; nor is the fact capable of parol proof under such circumstances." The reason of the Court(supra, p. 194-5) was as follows: "When the plaintiff avers that the cause of action in the first suit is the same as that declared upon in the present action and claims the right to prove it by parol testimony, he tenders no issue of fact capable of being proved on his part and disproved on the part of the defendants. Manifestly, his proof would be, in effect, that when he brought his first suit he intended it for the purpose of recovering damages for the same injuries averred in his present declaration. But that proof would be of nothing more than an intention on his part, — that is, that which rested in his own mind and known to no one else. Upon his praecipe and summons in the first cause he might have filed a declaration for any one of the many causes of action proper to be brought in case."
In this jurisdiction, the complaint must contain (C. S., 506):
"1. The title of the cause, specifying the name of the court in which the action is brought, the name of the county in which the trial is required to be had, and the names of the parties to the action, plaintiff and defendant.
"2. A plain and concise statement of the facts constituting a cause of action, without unnecessary repetition; and each material allegation must be distinctly numbered."
The complaint in the first action must necessarily be in writing — none was filed. It is accepted law that the interpretation and construction *Page 242 
placed upon pleadings is a matter of law for the courts. There is no complaint filed in the first case for the court to compare with the complaint in the second case to determine by inspection that they were identical causes of action. This cannot be presumed.
In Atlanta K. N. Ry. Co. v. Wilson, 119 Ga., p. 784, Lamar, J., says: "Where, to prevent the bar of the statute of limitations, the plaintiff relies on the privilege of renewal within six months, conferred by the Civil Code, sec. 3786, a copy of the record in the first suit should be attached, so that the court may determine, as a matter of law, whether the two suits were for the same cause of action and between the same parties. The court should have before it the petition rather than the conclusions of the pleader thereon, for the further reason that it should be in position to determine whether the first suit was itself brought within the statute, and in a court having jurisdiction of the subject-matter. But here there was no special demurrer for failure to attach such exhibit. Enough appears to permit the determination of the question as to whether the present suit was saved by the renewal statute. Compare Gibbs v. Crane, 180 Ill. 191." It is not necessary to cite further authorities from other jurisdictions. The matter is settled in this State by a long line of decisions. Bryan v.Malloy, 90 N.C. p. 508; Tomlinson v. Bennett, 145 N.C. p. 279; Gauldinv. Madison, 179 N.C. p. 461.
If Alma F. Young had a cause of action, it accrued on the death of Mary E. Surles, which took place 10 March, 1909, she being entitled to the remainder after the life estate which had been acquired by defendant. The defendant pleads the statute of limitations, C. S., 440 (1), which is as follows:
"No suit, action or proceeding shall be brought or maintained against a railroad company owning or operating a railroad for damages or compensation for right of way or use and occupancy of any lands by the company for use of its railroad unless the action or proceeding is commenced within five years after the lands have been entered upon for the purpose of constructing the road, or within two years after it is in operation." Revisal of 1905 of N.C. sec. 392 (1); Abernathy v. R. R.,159 N.C. p. 340.
Plaintiffs contend that "the defendant pleaded the five-year statute of limitations, thereby casting the burden upon the plaintiffs to come within the requirements of C. S., 440. This statute was enacted in 1893, and it excepts actions against railroads chartered prior to the year 1868. It is admitted in the pleadings that the conveyance of Mary E. Surles was made to the Wilmington Weldon Railroad Company, and that this company was chartered prior to the year 1868, and that the defendant in this action succeeded to all the rights and properties *Page 243 
of said Wilmington Weldon Railroad Company. This being true, the five-year statute of limitations does not apply to this case."
It will be noted that in the Revisal of 1905, the meaning is the same as C. S., 440 (1). There is no exception. Public Laws 1893, ch. 152, sec. 2, is as follows:
"That this act shall not apply or be deemed to apply to any action or proceeding pending at the time of the passage of this act, nor shall the provisions of this act apply to railroads chartered prior to January first, eighteen hundred and sixty-eight."
This section was held constitutional in Narron v. R. R., 122 N.C. 856. This section and exception was omitted from the Revisal and Consolidated Statutes.
The cause of action accrued on the death of Mary E. Surles, 10 March, 1909. Pritchard v. Williams, 175 N.C. 319. At that time the statute pleaded by defendant was in full force and effect with no exception.
The parol evidence of E. F. Young is incompetent to show what Alma F. Young, now dead, intended to sue the defendant, Atlantic Coast Line Railroad Company, for — what her intentions were — she should have filed her complaint defining her cause of action. The court, by inspection of the record, could then determine whether the two were identical. This being our view of the law, the only action is the one brought 30 January, 1919, and now prosecuted by E. F. Young and the children of Alma F. Young. Upon the allegations in the complaint in this action, the right of action accrued on the death of Mary E. Surles, 10 March, 1909. This cause of action has long since been barred by the five-year statute of limitations, supra, which was duly pleaded by defendant.
In the judgment of the court below, we think there was
No error.