H. D. OSBORNE v. SOUTHERN RAILWAY COMPANY, INC., A VIRGINIA
CORPORATION.

(Filed 6 March, 1940.)

**Limitation of Actions § 11b—**

> In order to be entitled to institute an action within one year after nonsuit in an action instituted prior to the bar of the statute of limitations, plaintiff must show that the costs in the prior action have been paid or that it was brought *in forma pauperis,* C. S., 415.

APPEAL by plaintiff from *Rousseau, J.,* at October Term, 1939, of BUNCOMBE.

Civil action instituted 6 October, 1937, to recover damages for personal injury allegedly resulting from actionable negligence of defendant.

Plaintiff alleges that he was injured on 14 July, 1934, while as a member of Troop K, 109th Calvary, he was traveling on a train of the defendant en route from Biltmore, North Carolina, to Fort Oglethorpe, Georgia; that he instituted an action against the defendant and others in the Superior Court of Buncombe County, and same was removed to the United States District Court of the Western District of North Carolina, at Asheville, where on 17 August, 1937, a judgment of voluntary

nonsuit was entered; and that the cause of action, allegations and issues in said action were substantially the same in all respects as in the present action, in so far as the same relate to the present defendant.

Defendant pleads the three-year statute of limitations.

The transcript of record here is silent with respect to plaintiff paying the cost on the original action before commencing the present one, as well as to the original action being brought *in forma pauperis.* C. S., 415.

In the present action there was judgment as of nonsuit at the close of evidence for plaintiff. Plaintiff appeals therefrom, and assigns error.

*J. W. Pless, Sr., and H. Kenneth Lee for plaintiff, appellant.*
*W. T. Joyner and Jones, Ward & Jones for defendant, appellee.*

PER CURIAM. This appeal presents no new question of law. Even though plaintiff may have instituted the original action within three years from the time of the accrual of his cause of action against defendant, and this action within one year from the date of judgment of nonsuit in original action, the record as constituted on this appeal fails to show facts which would entitle him to maintain this action under the provisions of C. S., 415. *Bradshaw v. Bank,* 172 N. C., 632, 90 S. E., 789; *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32; *Jackson v. Harvester Co.,* 188 N. C., 275, 124 S. E., 334; *Young v. R. R.,* 189 N. C., 238, 126 S. E., 600; *Southerland v. Crump,* 199 N. C., 111, 153 S. E., 845.

Counsel for plaintiff in oral argument frankly so concede. Hence, it is unnecessary to consider other points discussed in brief filed.

Affirmed.