VIRGINIA N. NOWELL v. ALFRED T. HAMILTON.

(Filed 25 February, 1959.)

**1. Limitation of Actions § 5b—**

Where it appears from plaintiff's own pleadings and admissions that plaintiff discovered and had knowledge of the alleged fraud more than three years prior to the filing of an amendment to her complaint, which for the first time alleged the cause of action for fraud, the action is barred by G.S. 1-52(9).

**2. Judgments § 33a—**

Where plaintiff fails to pay the costs awarded against her in a prior action nonsuited, the judgment of nonsuit bars a subsequent action instituted on the same cause even though it be instituted within one year of the nonsuit, since compliance with the conditions of the statute is prerequisite to the right to claim its protection. G.S. 1-25.

APPEAL by plaintiff from *Seawell, J.,* March-April 1958 Civil Term, of WAKE, docketed and argued Fall Term, 1958 as No. 450.

Summons issued in this action on 26 April 1956. Complaint was filed 9 July 1956. Plaintiff alleged the relationship of doctor-patient was established 3 May 1951; on 2 May 1951 X-rays were made of her gastrointestinal tract; defendant, after studying the X-rays, consulting with other doctors, and going over plaintiff's hospital records, carelessly, negligently, and falsely advised her the X-rays showed a defect in her duodenal bulb, necessitating an immediate operation; defendant was aware of the fact that the X-rays did not indicate any defect; relying on the advice of defendant and Dr. Neal, she submitted to an operation on 7 May 1951; and while plaintiff was still in need of

medical attention because of the operation, defendant wrongfully terminated the relationship of doctor-patient.

Defendant, on 26 July 1956, answered. He denied all allegations of negligence or wrongdoing. Affirmatively he pleaded the three year statute of limitations and the institution in 1953 of an action by plaintiff against defendant and Dr. Neal based on the same asserted wrongs, which action was tried in May 1955 and nonsuited as to defendant, with a verdict on the merits in favor of Dr. Neal, followed by judgment which was affirmed on appeal. See *Nowell v. Neal*, 243 N.C. 175, 90 S.E. 2d 247. That verdict and judgment were pleaded as *res judicata*. The pleadings and judgment in that action were made a part of defendant's answer in this action.

On 14 August plaintiff replied to defendant's further defense. She admitted the factual allegations but denied the effect asserted by defendant.

At the March Term 1958 Judge Mallard signed orders permitting the parties to amend their pleadings.

Plaintiff, on 25 March 1958, filed an amended complaint which substantially repeated the allegation of her prior pleadings except the allegation that defendants "carelessly, negligently and falsely" interpreted the X-rays. In her amended complaint she alleged defendant falsely and *fraudulently* represented to plaintiff that the defect was shown in the X-rays, and plaintiff, relying on the false and *fraudulent* representations, submitted to the operation.

Defendant answered and again denied plaintiff's accusations; he again pleaded the three year statute of limitations and the nonsuit taken by plaintiff in May 1955 and her failure to pay the costs there adjudged against her; that the prior action was not *in forma pauperis*.

Defendant at the March-April 1958 Term moved for judgment on the pleadings. Based on the admissions in the pleadings "and plaintiff's admission to the Court in this hearing," Judge Seawell found that the wrongful acts complained of occurred in 1951, that costs had not been paid as provided in the judgment of 1955. He thereupon concluded plaintiff was barred. He dismissed the action. Plaintiff excepted to the judgment and appealed.

Virginia N. Nowell *in propria persona.*
*Smith, Leach, Anderson & Dorsett and Howard E. Manning for defendant, appellee.*

RODMAN, J. Plaintiff asserts her right to maintain this action on two distinct theories:

First. She says this action is not one for a negligent injury barred at the expiration of three years from the date of the injury, G.S. 1-52 (5), but is an action based on fraud, governed by G.S. 1-52 (9) which fixes the date on which the statute starts to run not as the day of the injury but the day when the fraud was discovered.

We think plaintiff's pleadings point to G.S. 1-52(5) as the applicable statute. *Shearin v. Lloyd*, 246 N.C. 363, 98 S.E. 2d 508; *Lewis v. Shaver*, 236 N.C. 510, 73 S.E. 2d 320.

Nonetheless, if, as plaintiff asserts, the applicable statute is G.S. 1-52(9), we must ascertain if plaintiff's pleadings establish that her asserted cause of action is barred.

We examine the pleadings to ascertain if plaintiff has fixed the moment when the statute started to run. That moment can in no event be later than the discovery of defendant's asserted wrongful act. The amended complaint which is the first pleadings asserting defendant acted fraudulently does not point to the time of discovery, perhaps for the reason plaintiff had previously fixed the latest date when she could deny knowledge of defendant's asserted wrongful act. In her complaint filed in 1953, included as a part of the pleadings in this action, she had charged defendant: "Failed to take into account the X-ray reports of the plaintiff's condition *which demonstrated* that she was not obstructed." (Emphasis supplied.)

Plaintiff does not now deny that she knew in 1953 that defendant had not correctly evaluated the X-rays. More than three years elapsed between plaintiff's admitted discovery of the wrong and March 1958 when she stopped the clock by filing her amended complaint. *Stamey v. Membership Corp.*, 249 N.C. 90. Her pleadings establish the bar of the statute which she selects as applicable to her case.

Second. Plaintiff's second and somewhat inconsistent position is that the present action is based on the same cause of action stated in 1953 and because the nonsuit suffered in 1955 was voluntary, she is permitted to bring another action based on the same cause within one year from the nonsuit.

Even though plaintiff's cause of action may be otherwise barred, G.S. 1-25 permits a plaintiff who has been nonsuited to bring another action to redress the asserted wrong. But the statute annexes two conditions to the right: (1) The new suit must be brought within one year from the nonsuit. (2) Plaintiff must pay the costs awarded against him in the prior action if he did not sue as a pauper. Plaintiff in this action admittedly has not paid the costs awarded against her. Defendant pleads that failure to deprive plaintiff of the benefit of the statute.

Plaintiff, having elected not to comply with the statute, is not entitled to claim its protection. *Osborne v. R.R. Co.*, 217 N.C. 263, 7 S.E. 2d 500; *Loan Co. v. Warren*, 204 N.C. 50, 167 S.E. 494; *Rankin v. Oates*, 183 N.C. 517, 112 S.E. 32.

Affirmed.