DANIEL D. SPEAS, INEZ M. COPE, NOLLIE G. COPE, Plaintiffs v. WILLIAM T. FORD, Defendant; ROADWAY EXPRESS, INC. and D. J. REALTY COMPANY, Additional Defendants.

(Filed 20 January, 1961.)

1. Notice § 1—

No notice is required of a motion made at the term at which the cause is calendared for trial unless specifically required by statute.

2. Limitation of Actions § 7—

An action for fraud is barred after the lapse of three years from the date the fraud is discovered. G.S. 1-52(9).

3. Limitation of Actions § 1—

After a statute of limitations has begun to run, it ordinarily continues to run until stopped by appropriate judicial process. G.S. 1-15.

4. Limitation of Actions § 17—

When the applicable statute of limitations is pleaded, the burden rests on the party asserting the cause of action to prove that his claim is not barred.

5. Limitation of Actions § 18—

The court may sustain a plea of the statute of limitations when it appears upon the face of the pleading that the claim is barred.

**6. Limitation of Actions § 7—**

Where defendant in his answer alleges that he refused to comply with his contract on the contractual date because of his discovery of fraudulent misrepresentations inducing his execution of the contract, and files a cross action against plaintiff and his co-defendants for such fraud more than three years after the contractual date, judgment dismissing the cross action on motion upon the plea of the three year statute of limitations is without error. G.S. 1-59(9).

APPEAL by defendant Ford from *Phillips, J.,* June 6, 1960 Civil Term, of FORSYTH.

This action was begun by Daniel D. Speas and Inez M. Cope against William T. Ford by the issuance of summons 4 March 1955, served 5 March 1955.

Plaintiffs allege: They contracted, on 24 January 1955, to sell and defendant Ford agreed to purchase "the assets, properties, leasehold interest, equipment, inventory, and other items as specified in said written Contract which were at or about the filling station and service station property known as Winston Truck Service"; the price to be paid for the equipment, lease, etc. was $8189 plus the inventory price of the merchandise on hand at 12:01 a.m., 1 March 1955, plus a weekly salary of $125 to each plaintiff for a period of three weeks; in February 1955 plaintiff handed to defendant "the assignment of the lease of the premises, with lessors' written consent to the assignment of same to the defendant" and had in all other particulars complied with the contract and were able and willing to perform at the time fixed for the consummation, to wit, 1 March 1955; prior to 1 March 1955 defendant notified plaintiffs he would not comply with the contract; plaintiffs had suffered damages by defendant's failure to perform his part of the contract.

By motions and requests for extensions of time to plead defendant was not required to answer until 17 October 1958. On that date he filed his answer. He admitted executing the contract and notice to plaintiffs prior to 1 March 1955 "that he did not intend to go through with the contract or to comply with the same. . ." To defeat plaintiffs' cause of action he asserted he was induced to execute the contract by the fraudulent representations of plaintiffs, Nollie G. Cope, Roadway Express, Inc. (hereafter called Roadway), and D. J. Realty Company (hereafter called Realty Co.). To support his charge of fraud he alleged the lease referred to in the contract contained a provision by which Realty Co. as lessor or defendant as lessee might cancel upon "thirty days' written notice to the other party in the event Roadway Express, Inc. should substantially discontinue its

leased equipment operations, and if it should come to have a majority of its truck operations as company-owned truck operations rather than leased operations"; the right to occupy the leased land was the prime inducement to the contract; for that reason he made inquiry prior to the execution of the contract with respect to possible cancellation because of a change in Roadway's method of operation; he was assured by plaintiffs, Nollie G. Cope, Roadway, and Realty Co. that no change in the manner of operation was contemplated within twelve to eighteen months; acting on these representations, which were knowingly false, he executed the contract; on 27 January 1955, three days after the contract was signed, he was notified by Roadway of a change to be made in its method of operation which would permit cancellation of the lease; having learned of the fraud attempted to be perpetrated on him, he refused to perform his part of the contract; the least was in fact terminated pursuant to notice given on or about 15 March 1955.

He followed his plea of fraud to defeat plaintiffs' right to recover by a counterclaim or crossaction against plaintiffs, Nollie G. Cope, Roadway, and Realty Co., alleging he had been damaged in the sum of $15,000, profits he would have made had there been no change in Roadway's manner of operation. He further alleged lessor's assent to the assignment of the lease was part of the conspiracy formed by plaintiffs, Nollie G. Cope, Roadway, and Realty Co. to defraud him. He alleged: "That immediately upon being informed of the purported consent to the assignment of the lease by D. J. Realty, *this defendant advised plaintiffs of his election to terminate said written instrument of January 24 1955, knowing   that D. J. Realty Company would immediately terminate its lease of the premises occupied by Winston Truck Service.*" (Emphasis added.)

He prayed that Nollie G. Cope, Roadway, and Realty Co. be made parties and required to answer his asserted counterclaim. His motion was allowed. Process issued for Roadway and Realty Co. 30 December 1958 and was served 2 January 1959, issued for Nollie G. Cope 18 February 1959, and was served 19 February 1959.

Each of the parties thus brought into the controversy denied the alleged fraud. Each pleaded the three-year statute of limitations.

Judge Phillips allowed the motions of Nollie G. Cope, Roadway, and Realty Co. for judgment sustaining their pleas of the statute of limitations and entered judgment accordingly. Defendant appealed.

*Eugene H. Phillips and Blackwell, Blackwell & Canady for Daniel D. Speas and Inez M. Cope.*
*Hastings, Booe and Mitchell for D. J. Realty Company.*
*Deal, Hutchins and Minor for Roadway Express, Inc.*
*Craige, Brawley, Lucas & Hendrix for William T. Ford.*

RODMAN, J. Preliminarily we are confronted with the contention that Judge Phillips had no right to act on the motion, because defendant had no prior notice. The contention is without merit. The motion was made at the term at which the cause was calendared for trial. Before the jury was empaneled, the parties suggested to the court: "that a Pre-Trial Conference was necessary in order for the Court to pass on various motions and points of law raised by the pleadings." The law applicable, and the reason therefor, is succinctly stated by *Ervin, J.,* in *Collins v. Highway Commission,* 237 N.C. 277, 74 S.E. 2d 709. He said: "The law manifests its practicality in determining 'when notice of a motion is necessary.' When a civil action or special proceeding is regularly docketed for hearing at a term of court, notice of a motion need not be given to an adversary party, unless actual notice is required in the particular cause by some statute. This rule is bottomed on the proposition that all parties to a civil action or special proceeding are bound to take notice of all motions made and proceedings had in the action or special proceeding in open court during the term."

The statute of limitations in an action for fraud begins to run from its discovery and is barred in three years from that date. G.S. 1-52(9).

When the statute starts to run, it continues until stopped by appropriate judicial process, G.S. 1-15; *Swartzberg v. Insurance Co.,* 252 N.C. 150, 113 S.E. 2d 270; *Nowell v. Hamilton,* 249 N.C. 523, 107 S.E. 2d 112; *Stamey v. Membership Corp.,* 249 N.C. 90, 105 S.E. 2d 282; *Aydlett v. Major & Loomis Co.,* 211 N.C. 548, 191 S.E. 31; *Washington v. Bonner,* 203 N.C. 250, 165 S.E. 683; or for statutory causes not here material.

When the statute is pleaded, the burden rests on the party asserting a cause of action to remove the bar. *Swartzberg v. Insurance Co., supra; Solon Lodge v. Ionic Lodge,* 247 N.C. 310, 101 S.E. 2d 8.

The reasons which justify a judgment sustaining a demurrer for failure to state a cause of action likewise support a judgment sustaining the plea of the statute of limitations and dismissing the action when it appears on the face of plaintiff's pleadings that plaintiff's right to recover is barred by the lapse of time properly pleaded.

*Nowell v. Hamilton, supra; Mobley v. Broome,* 248 N.C. 54, 102 S.E. 2d 407; *Latham v. Latham,* 184 N.C. 55, 113 S.E. 623; *Stubbs v. Motz,* 113 N.C. 458; McIntosh, N. C. P. & P., 2nd ed., sec. 373.

The date for defendant Ford to pay his money and consummate his contract with plaintiffs was 1 March 1955. Prior to that time he notified plaintiff he would not comply with the contract. He specifically justified his refusal because of his knowledge "that D. J. Realty Company would immediately terminate its lease of the premises occupied by Winston Truck Service." This specific assertion of knowledge acquired on or prior to 1 March 1955 fixes that date as the latest date for the statute to start to run. More than three years elapsed between the date he alleges he discovered the fraud and 17 October 1958, when defendant first claimed damages for fraud, and more than three years prior to the issuance or service of process requiring appellees to answer.

Since the plea is established by the facts stated by defendant Ford, it follows that the judgment is
Affirmed.