BOBBY RAY SHEPPARD v. BARRUS CONSTRUCTION COMPANY

No. 718SC276

(Filed 26 May 1971)

Limitation of Actions § 12— institution of second action within one year after voluntary nonsuit — failure to pay costs

Plaintiff's action for personal injuries was barred by the three-year statute of limitations, where (1) the plaintiff, through a next friend, instituted the action on 31 August 1965; (2) the action was terminated by voluntary nonsuit on 5 August 1969; (3) plaintiff instituted a second action on 29 November 1969, which was thereafter dismissed; (4) the present action was instituted on 14 May 1970; and (5) *there is no evidence that the costs were paid in either of the previous actions, or that either of them was brought in forma pauperis.* [former] G.S. 1-52.

APPEAL by plaintiff from *Peel, Judge,* at the 23 November 1970 Civil Session of LENOIR Superior Court.

Plaintiff instituted this action on 14 May 1970 to recover for personal injuries allegedly received by him on 16 March 1963 as the result of negligence on the part of defendant. In its answer, defendant pleaded the three-year statute of limitations in bar of plaintiff's right to recover and moved for summary judgment on the pleadings.

Following a hearing, the trial court entered judgment summarized in pertinent part as follows: The court found and concluded that plaintiff, by a next friend, instituted action on this claim on 31 August 1965 which action was terminated in August 1969 by judgment of voluntary nonsuit; that in November

1969 plaintiff, while still a minor, attempted to institute a second action on the claim but it was dismissed on motion of defendant; that thereafter, having become 21 years of age, plaintiff instituted the present action but it alleges new matter not alleged in the original action thereby constituting this a new cause of action; that, more than three years having elapsed since the plaintiff's original cause of action accrued, the defendant's plea of the three-year statute of limitations is valid, and plaintiff's action should therefore be dismissed. From judgment dismissing the action, plaintiff appealed.

*Turner and Harrison by Fred W. Harrison for plaintiff appellant.*

*White, Allen, Hooten and Hines by John R. Hooten for defendant appellee.*

BRITT, Judge.

The three-year statute of limitations (G.S. 1-52) began to run against plaintiff's claim on 31 August 1965 when a next friend was appointed for the special purpose of instituting an action on the claim. *Rowland v. Beauchamp,* 253 N.C. 231, 116 S.E. 2d 720 (1960). Once the statute of limitations begins to run against an action, it continues to run. *Rowland v. Beauchamp, supra.* Unless saved by some statute or rule, plaintiff's claim is barred by the statute of limitations.

The question then arises, was plaintiff's claim saved by G.S. 1-25 (formerly C.S. 415)? While this statute was repealed by the 1967 General Assembly when the Rules of Civil Procedure were enacted, repeal of the statute being effective on 1 January 1970, the effective date of the Rules of Civil Procedure, the statute and not the rules (particularly Rule 41) appears to be applicable to the instant case. The statute provided as follows:

> If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited, or a judgment therein reversed on appeal, or is arrested, the plaintiff or, if he dies and the cause of action survives, his heir or representative may commence a new action within one year after such nonsuit, reversal, or arrest of judgment, *if the costs in the original action have been paid by the plaintiff before the commencement of the new suit, unless the original suit was brought in forma pauperis.* (Emphasis added.)

We think the answer to the question stated is found in the case of *Osborne v. Railroad,* 217 N.C. 263, 7 S.E. 2d 500 (1940). Pertinent facts in that case are as follows: Plaintiff allegedly received personal injuries on 14 July 1934. Within three years thereafter, he instituted an action but on 17 August 1937 caused a judgment of voluntary nonsuit to be entered. On 6 October 1937, he instituted a new action and defendant pleaded the three-year statute of limitations. The transcript of record filed in the Supreme Court is silent as to whether the cost on the original action was paid before the commencement of the second action, as well as whether the original action was brought *in forma pauperis.* The plaintiff appealed from a judgment of nonsuit and in a *per curiam* opinion, the Supreme Court said:

"This appeal presents no new question of law. Even though plaintiff may have instituted the original action within three years from the time of the accrual of his cause of action against defendant, and this action within one year from the date of judgment of nonsuit in original action, the record as constituted on this appeal fails to show facts which would entitle him to maintain this action under the provisions of C.S. 415 (Numerous citations.)"

In the case at hand, a next friend was appointed by plaintiff and the original action was instituted on 31 August 1965. A judgment of voluntary nonsuit was entered on 5 August 1969. Although a second action was instituted on 29 November 1969 and thereafter dimissed, and the present action was instituted on 14 May 1970, there is nothing in the record before us to show that the costs were paid in either of the previous actions, or that either of them was brought *in forma pauperis.*

We deem it unnecessary to determine if the present action alleges new matter not alleged in the original action. Suffice to say, for the reasons stated, the judgment of the superior court dismissing the action as being barred by the three-year statute of limitations is

Affirmed.

Judges CAMPBELL and GRAHAM concur.