JETTIE BRADY GALLIGAN v. HAROLD P. SMITH

No. 7215SC157

(Filed 26 April 1972)

1. Judgments § 40; Limitation of Actions § 12; Rules of Civil Procedure § 41— voluntary nonsuit — new action — failure to pay costs of original action

Action commenced by plaintiff within one year after plaintiff had taken a voluntary nonsuit in her original action against defendant was properly dismissed upon defendant's motion where plaintiff had not paid the costs in the original action at the time she commenced her new action; testimony by the secretary of plaintiff's attorney that on the day the new action was filed she told the clerk of court by telephone that she wanted to get a bill of costs in the original action, but that such bill was never received, was insufficient to show that plaintiff had made a reasonable or diligent effort to pay the costs prior to the institution of the new action. Former G.S. 1-25; G.S. 1A-1, Rule 41.

2. Pleadings § 32— motion to amend answer — waiver

Defendant did not waive his right to move to amend his answer to allege that the action was barred by the statute of limitations by failing to make such motion until some 20 months after the action was commenced.

APPEAL by plaintiff from *Hobgood, Judge,* 20 September 1971 Session of Superior Court for ORANGE County.

Plaintiff alleged that on 18 July 1965, she was involved in an automobile collision with the defendant Smith, who was at that time a policeman employed by the Town of Chapel Hill (Town). A civil action to recover damages alleged to have been sustained by her in said collision and proximately caused by the defendant's negligence was instituted in Randolph County (later removed to Orange County) by the plaintiff on 13 July 1966 against Smith and the Town. The action as to the Town was dismissed on 21 January 1969. See *Galligan v. Town of Chapel Hill,* 5 N.C. App. 413, 168 S.E. 2d 665 (1969), *reversed,* 276 N.C. 172, 171 S.E. 2d 427 (1970). On 21 January 1969, after the trial judge dismissed the action as to the Town, plaintiff announced in open court that she desired to take a voluntary nonsuit as to the defendant Smith. The judgment of voluntary nonsuit was signed by Judge Clark on 28 January 1969, and in this judgment it was ordered, "The plaintiff shall pay those costs which are attributed to the voluntary nonsuit taken in this matter as to the remaining defendant Harold P. Smith."

By complaint filed 19 January 1970, plaintiff instituted the present action in Randolph County against the defendant Smith to recover damages alleged to have been sustained by her on 18 July 1965 in the aforesaid automobile collision. Defendants moved for a change of venue, and from an order filed 7 August 1970 removing the case to Orange County Superior Court, plaintiff appealed. This court affirmed the order of the hearing judge. See *Galligan v. Smith,* 10 N.C. App. 536, 179 S.E. 2d 193 (1971).

On 17 September 1971, defendant moved to dismiss the present action under G.S. 1A-1, Rules 12 and 41, on the grounds that "[a]t the time that this action was reinstituted (19 January 1970) in the Randolph County Superior Court the plaintiff had not paid the costs of the action previously dismissed and that previous action was not brought in FORMA PAUPERIS." Defendant also made a motion (filed 23 September 1971) pursuant to G.S. 1A-1, Rule 15, for an order allowing him to amend his answer to allege that the action was barred by the applicable statute of limitations. In this motion, the following was set out:

"II. Thereafter, on January 19, 1970 the plaintiff re-instituted this action against the defendant Harold P. Smith in the Randolph County Superior Court. The under-signed attorneys for the defendant Harold P. Smith did not know until September 17, 1971 that the plaintiff had failed to pay the bill of costs of the Clerk of Superior Court of Orange County in the prior action. The undersigned attorney for the defendant learned on September 17, 1971 in a telephone conversation with Mr. Archie G. Williams, Assistant Clerk of Superior Court of Orange County, that the bill of costs had not been paid. Thereafter, the under-signed attorney for the defendant prepared and filed in this Court a motion to dismiss this action for the failure of the plaintiff to pay the bill of costs, as required by G.S. 1A-1, Rule 41(d)."

After hearing evidence from both the plaintiff and defend-ant at the 20 September 1971 Civil Session of Orange County Superior Court, Judge Hobgood entered an order, filed 23 Sep-tember 1971, allowing defendant to amend his answer, and a subsequent order dated 28 September 1971, dismissing plain-tiff's action with prejudice. In this latter order, the judge made, among others, the following findings of fact and conclusion of law:

"* * * That the prior action was dismissed as of voluntary nonsuit in open Court on January 21, 1969, and by a judgment signed and entered on January 28, 1969. That judgment provided that the plaintiff should pay the costs of that action.

II. This action was instituted on January 19, 1971 (sic), in the Superior Court of Randolph County. Prior to the institution of this action on January 19, 1971 (sic), the bill of costs of the Superior Court of Orange County in the prior action had not been paid. The bill of costs of the Clerk of Superior Court of Orange County in the prior action were paid by the plaintiff on September 17, 1971, three days prior to the opening of the session of court at which this case was calendared for trial.

Based upon the foregoing findings of fact, the Court makes the following conclusions of law:

I. The plaintiff failed to pay the costs in the prior action between the same parties and the plaintiff did not

make any reasonable or diligent effort to pay the costs prior to the institution of the action, and this action is based upon the same claim as the prior action hereinabove referred to, and by virtue of the provisions of G.S. 1A-1, Rule 41(d), this action should be dismissed upon the defendant's motion.

Based upon the foregoing findings of fact and conclusions of law, the Court is of the opinion that this involved a question of law and is not a discretionary matter and the Court is of the opinion that the defendant's motion to dismiss for the failure of the plaintiff to pay the costs in the prior action should be allowed."

To the signing and entering of these orders, plaintiff appealed to the Court of Appeals.

*Ottway Burton for plaintiff appellant.*

*Perry C. Henson and Daniel W. Donahue for defendant appellee.*

MALLARD, Chief Judge.

G.S. 1-25, repealed by the General Assembly in 1967 effective 1 January 1970, read as follows:

"*New action within one year after nonsuit, etc.*—If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited, or a judgment therein reversed on appeal, or is arrested, the plaintiff or, if he dies and the cause of action survives, his heir or representative may commence a new action within one year after such nonsuit, reversal, or arrest of judgment, *if the costs in the original action have been paid by the plaintiff before the commencement of the new suit,* unless the original suit was brought in forma pauperis." (Emphasis added.)

G.S. 1A-1, Rule 41, became effective 1 January 1970 and provides:

"*(a) Voluntary dismissal; effect thereof.*—

* * * If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the

same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.

\* \* \*

(d) *Costs.*—A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant *before the payment of the costs of the action previously dismissed,* unless such previous action was brought in forma pauperis, *the court, upon motion of the defendant, shall dismiss the action.*" (Emphasis added.)

Chapter 803 of the Session Laws 1969 amended Chapter 1A of the General Statutes to read as follows:

"Sec. 10.—This Act shall be in full force and effect on and after January 1, 1970, and shall apply to actions and proceedings pending on that date as well as to actions and proceedings commenced on and after that date."

When the new Rules of Civil Procedure came into effect, the plaintiff in the case before us had already taken a voluntary nonsuit in her original action against the defendant Smith but had not brought her new action instituted 19 January 1970. When the new action was instituted, the costs in the original action had not been paid. Nothing else appearing, the result is the same under either the old statute, G.S. 1-25, or new Rule 41(d): Upon motion of the defendant, dismissal was proper on the grounds that this new action was instituted before the costs in the original action were paid.

[1] Attorney for the plaintiff, however, relies primarily upon the contention that he made a "reasonable or diligent effort" to pay the costs of the prior action before instituting the action of 19 January 1970. The only evidence adduced at the hearing to support this contention tended to show that on Monday, 19 January 1970, plaintiff's attorney's secretary called the office of the Clerk of Superior Court in Orange County and she testified:

"I asked to speak to the Clerk and when I told her that I wanted to get a bill of costs in the case of 'Jettie Brady

versus—well, actually, it was "Jettie Brady Galligan" at that time too—versus Town of Chapel and Harold P. Smith,' and when I told her what I wanted she told me that Mr. Archie Williams always figured the costs and that he was out of the office sick and that he would be back on Wednesday and would send the costs probably by Friday. I never got the bill of costs from the Clerk of Superior Court's office of Orange County on this case, *'Jettie Lee Brady Galligan vs. Town of Chapel Hill and Harold P. Smith'* until you (plaintiff's attorney) called Friday, September 17, 1971."

The plaintiff's attorney's secretary did not testify that she told the person she talked to in the Clerk's office in Orange County that she wanted to pay the costs; she merely stated that she wanted "to get a bill." There is no testimony that an *offer to pay* the costs was made prior to or on 19 January 1970, nor does it appear that any other effort of any nature was made before or after this time to pay the costs of the prior action until 17 September 1971, on the same date, but after defendant's motion to dismiss had been filed.

Judge Hobgood properly concluded under the facts found (which are based on competent evidence) that "the plaintiff did not make any reasonable or diligent effort to pay the costs prior to the institution of the (present) action." The case of *Hunsucker v. Corbitt,* 187 N.C. 496, 122 S.E. 378 (1924), not cited by plaintiff but pertinent to the case before us, is distinguishable. In *Hunsucker,* the uncontroverted evidence tended to show that one of the plaintiffs had personally gone to the clerk's office and had repeatedly offered to pay the costs of the first action, and that the clerk had assured him that an entry of the payment would be made for which the plaintiff could later mail in a check. The Court said, referring to the provisions of C.S. 415 (later G.S. 1-25), "This cost must be paid or some good cause shown." The efforts of the plaintiff in *Hunsucker* were held to be a sufficient excuse for the failure to pay the costs of the prior action. We do not think that a single telephone call to the clerk's office nearly a year after the dismissal of the prior action and a year and a half before the costs were actually paid rises to the dignity of "some good cause shown." We certainly do not agree with plaintiff's contention that all that was "humanly possible" was done to tender payment of the costs

prior to the institution of the present lawsuit. See also, *Nowell v. Hamilton,* 249 N.C. 523, 107 S.E. 2d 112 (1959) and *Osborne v. R.R.,* 217 N.C. 263, 7 S.E. 2d 500 (1940).

[2] The remainder of plaintiff's contentions warrant little discussion. Plaintiff contends that, by his inaction, defendant "waived" his right to move to amend his answer. This contention is without merit. The record in the case discloses no facts or circumstances which would raise the question of "waiver" or which would tend to show that defendant took any action which could have misled the plaintiff. We further hold that plaintiff's contention that the hearing judge abused his discretion in allowing defendant to amend his answer pursuant to G.S. 1A-1, Rule 15, is also without merit. The trial court has broad discretion in permitting or denying amendments to the pleadings.

In the signing and entering of the orders appealed from, no error is made to appear.

Affirmed.

Judges MORRIS and PARKER concur.