E. W. STUBBS v. W. H. MOTZ et al.

*Statute of Limitations—Practice—Pleading.*

1. The limitation for the commencement of actions prescribed by section 155 (9) is three years from the *discovery* of the mistake, and not from the date of the mistake.

2. Under the present practice, a replication to the plea of the statute of limitations is necessary only when matter in avoidance is pleaded.

3. Where, in an action brought to correct a mutual mistake in a settlement of accounts, the defendant pleaded the statute of limitations, and it did not appear in the complaint that the mistake was discovered more than three years before suit brought, the plaintiff should have been permitted to prove, if he could, that such discovery was within three years before the commencement of the action.

4. A plea that a cause of action did not "arise" within the time prescribed by the statute for the commencement of an action, while not strictly accurate, will be construed under the liberal system of pleading in force under section 260 of *The Code,* to mean that it did not "accrue" within that time.

CIVIL ACTION, tried at Spring Term, 1893, of LINCOLN Superior Court, before *Armfield, J.,* and a jury.

The facts are stated in the opinion of Associate Justice CLARK.

*Mr. D. W. Robinson,* for plaintiff (appellant).
No counsel, *contra.*

CLARK, J.: This action was begun 20th March, 1885, to correct errors alleged to have been made by mutual mistake of the parties in a settlement had between them 27th October, 1881. The defendant pleaded the statute of limitations. The plaintiff did not, in his complaint nor by replication, aver that the discovery of the mistake was within three years next before the commencement of the action. The Court thereupon excluded evidence offered to prove such fact, and

held, upon the face of the pleadings, that the action was barred, and instructed the jury to find the issue in favor of the defendant. The plaintiff excepted, and this is the sole question presented by the appeal.

*The Code*, § 155 (9), provides a limitation of three years for "an action for relief on the ground of fraud or mistake," the cause of action not to be "deemed to have accrued until the discovery by the aggrieved party of the facts constituting such fraud or mistake." The limitation prescribed is not three years from the mistake, but from its discovery. When the date of the accruing of the cause of action appears in the complaint and the statute of limitations is pleaded, the Court can, of course, pass judgment, unless matter in avoidance is pleaded as a new promise, or the like. It is only in such cases that a replication is now required (*The Code*, § 248; *Moore* v. *Garner*, 101 N. C., 374, 377), though under the former practice a replication was required whenever the statute of limitations was pleaded. Wood on Limitations, 16.

The plea here that the "plaintiff's cause of action did not accrue within three years next before the commencement of the action," devolved upon the plaintiff the burden of proving that it did. *Moore* v. *Garner, supra.* As the date of the discovery of the mistake does not appear in the complaint, the plaintiff should have been allowed to prove, if he could, that it was within three years before this action was begun.

We note that the defendant's plea is not strictly accurate, as he pleads that the cause of action "arose" more than three years before suit brought. Under the liberal system of pleading now in force, he has the benefit of meaning that it did not "accrue" within three years. *The Code*, § 260.

New Trial.