ISENBERG v. RANIER et al.

(Supreme Court, Appellate Division, First Department. June 16, 1911.)

LIMITATION OF ACTIONS (§ 2*)—WHAT LAW GOVERNS.

> Code Civ. Proc. § 390a, providing that where the cause of action arises in a sister state an action cannot be brought after expiration of the time limited by the laws of such state, applies to a cause of action arising in a sister state the rule of limitation that would be applied had the action been commenced in such state; and where an action is not barred in the sister state, because of the statute excluding from the computation of the time limited for the commencement of actions the period during which the party against whom the cause of action exists shall be without the state, it is not barred in New York; but the section does not substitute a foreign statute of limitations, but merely imposes it as an additional limitation.
>
> [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 4-8; Dec. Dig. § 2.*]

Appeal from Appellate Term.

Action by Barnet Isenberg against John T. Ranier and another. From a determination of the Appellate Term (70 Misc. Rep. 498, 127 N. Y. Supp. 411), reversing a judgment of the Municipal Court dismissing the complaint, defendants appeal. Determination of Appellate Term affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Peter B. Olney, Jr., for appellants.
Charles S. Foote, for respondent.

SCOTT, J. Appeal by defendants from a determination of the Appellate Term, reversing a judgment of the Municipal Court in favor of defendants and granting a new trial. The appellants have filed the necessary stipulation for judgment absolute in favor of plaintiff if the determination be affirmed. The plaintiff is a resident of the state of Connecticut. The action is upon a sealed instrument, executed in the state of Connecticut, and known in that state as a "special bail bond," being conditioned for the payment by one Horace C. Flanigan of any judgment that might be rendered against him in an action for damages then pending against him in the state of Connecticut. A judgment was entered against Flanigan in Connecticut on March 5, 1909, and has not been paid. This action was begun on April 6, 1910. The defendants rely upon the statute of limitations of the state of Connecticut, which is made applicable to this case by section 390a of the Code of Civil Procedure, reading as follows:

> "Where a cause of action arises outside of this state, an action cannot be brought in a court of this state, to enforce said cause of action, after the expiration of the time limited by the laws of the state or country where the cause of action arose, for bringing an action upon said cause of action, except where the cause of action originally accrued in favor of a resident of this state. Nothing in this act contained shall affect any pending action or proceeding."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The Connecticut statute applicable to such an action consists of sections 1122 and 1125 of the General Statutes of Connecticut of 1902, reading as follows:

"Sec. 1122. No action shall be brought against the surety on any bond or recognizance for costs only given in any civil action, or on the appeal of any civil cause, or on any bail bond, except within one year after final judgment has been rendered in the suit in which said bond or recognizance was given."

"Sec. 1125. In computing the time limited in the several cases aforesaid, the time during which the party against whom there may be any such cause of action shall be without the state shall be excluded from the computation."

The controversy arises as to the effect of section 1125. On the one hand, it is contended by the defendants that the effect of section 390a of our Code, read in conjunction with section 1122 of the Connecticut Statutes, is to establish one year from the time the cause accrued as the utmost limit of time within which an action can be brought in this state upon a cause of action arising in Connecticut, and that section 1125 of the Connecticut Statutes, extending the time in consequence of the absence of the defendant from the state, is a "mere method of computation," and is inapplicable when the action is brought in this state. This is the view taken by the Municipal Court justice and the minority of the Appellate Term. The view contended for by the plaintiff and adopted by the majority of the Appellate Term, and as we think the sounder view, is that the purpose of section 390a, Code of Civil Procedure, was to apply to cases like the present the same rule of limitation that would have applied if the action had been commenced in the state in which the cause of action accrued. So that, if the present action would be barred in Connecticut, it is barred here. If it would not be barred in Connecticut, it is not barred here. It is not necessary to state at length the reasons which lead to this result, since they have been satisfactorily stated by Mr. Justice Seabury, writing for the Appellate Term. To what he has said on that subject we have nothing to add.

It may be said, however, that the apprehension expressed in one of the opinions that, under such circumstances as exist in the present case, a resident of this state might find himself open to suit by a nonresident without the protection of any statute of limitations, is unfounded. The effect of section 390a, Code of Civil Procedure, is not to substitute the foreign statute of limitations for our own, but to impose it as an additional limitation. Thus an action, whether by a resident or nonresident, *must* be brought within the time limited by our general statute of limitations, and, if it arose in a foreign state in favor of a nonresident, it *cannot* be brought after the time limited by the laws of the state in which the cause of action arose. Thus a resident of this state, if not protected by the laws of the state in which the cause of action arose, by reason of his continued absence from that state, may still claim the protection of our own statute of limitations.

The determination of the Appellate Term must be affirmed, with costs, and judgment absolute directed against the defendants on their stipulation. All concur.