SAMUEL C. DALRYMPLE, Respondent, v. MOSES SCHWARTZ,
                        Appellant.

                  First Department, April 20, 1917.

Limitation of action — action on notes maturing in foreign State —
    defense of foreign Statute of Limitations, where defendant absent
    from State — application of New York statute — pleading — admission
    in answer by failing to deny allegations.

In an action in this State on notes which were executed and indorsed by
    the defendant, and which matured in another State in 1894, during
    which year he removed to this State, where he has subsequently con-
    tinuously resided, the Statute of Limitations of the foreign State, which
    excludes from the time of its running the period of defendant's absence,
    is no defense.
The defendant may, under the circumstances, claim the protection of our
    own Statute of Limitations.
An objection to defective denials in an answer on information and belief
    should be taken by motion before trial.
Where in such an action plaintiff claims title through a series of assign-
    ments, the defendant by merely denying the "assignments" without
    denying that the notes were "duly transferred and delivered" admits
    their transfer and delivery.

APPEAL by the defendant, Moses Schwartz, from a judg-
ment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of New York on the 23d
day of November, 1916, upon the verdict of a jury rendered by
direction of the court.

   *Edwin T. Taliaferro*, for the appellant.

   *D. W. Steele, Jr.*, for the respondent.

SHEARN, J.:

   The notes in suit were executed and indorsed by the defend-
ant at Louisville, Ky., in 1892 and 1893 and all matured prior
to January 1, 1894. The defendant, as the plaintiff's reply
alleged, and as the defendant testified, removed from the State
of Kentucky early in 1894 and has not since resided in that
State. The testimony of the defendant was that he had dur-
ing said period resided continuously in the State of New York,
in which State he voted. The answer sets up the Statute of

Limitations of Kentucky and New York. The Kentucky statute is unavailing because that statute, like ours, excludes from the time of its running the period of defendant's absence from the State. It was held by this court in *Isenberg* v. *Rainier* (145 App. Div. 256) that in cases where it is sought to apply in this State the Statute of Limitations of a foreign State this court will apply the statute as a whole and deduct from the time of its running the period of absence from the State where the cause of action accrued. Defendant's counsel claims that that case is inapplicable because it construed section 390a of the Code, which was not enacted until 1902 (Chap. 193), at which time more than six years had passed since the maturity of the notes. While it is true that the court was construing the effect of section 390a, the court was at the same time deciding whether in applying a foreign Statute of Limitations it would consider the foreign statute in its entirety, and if the case had arisen prior to 1902 the decision, on principle, would have been the same. But this is not very important because, assuming that defendant's testimony is true, the action is barred by our own statute. As Mr. Justice SCOTT said in the *Isenberg Case* (*supra*): "The effect of section 390a of the Code of Civil Procedure is not to substitute the foreign Statute of Limitations for our own, but to impose it as an additional limitation. Thus an action, whether by a resident or non-resident, *must* be brought within the time limited by our general Statute of Limitations; and, if it arose in a foreign State in favor of a non-resident, it *cannot* be brought after the time limited by the laws of the State in which the cause of action arose. Thus a resident of this State, if not protected by the laws of the State in which the cause of action arose, by reason of his continued absence from that State, may still claim the protection of our own Statute of Limitations."

It was, therefore, error for the learned trial justice to direct a verdict for the plaintiff when the uncontradicted testimony of the defendant, if believed, established that the action was barred by the statute. Considering the manner in which the defendant gave his testimony and the fact of his interest, although his testimony was uncontradicted, plaintiff was doubtless entitled to have the case submitted to the jury, but it should

have been with the instruction to find for the defendant in case defendant's testimony was believed by the jury, for in no aspect of the case was plaintiff entitled to a direction of a verdict in his favor.

Defendant contends that the complaint should have been dismissed at the conclusion of plaintiff's case because of failure to prove one of the series of assignments through which plaintiff's title to the notes is derived. The notes were all originally discounted in and became the property of the Louisville Deposit Bank. The complaint alleges that the Louisville Deposit Bank duly assigned, transferred and delivered the notes to the German National Bank of Louisville, Ky., as collateral security for a loan of $200,000, and thereafter, in 1893, the Louisville Deposit Bank made an assignment for the benefit of its creditors and was thereafter liquidated; further, that in 1897 the German National Bank was by the Comptroller of the Currency of the United States placed in the hands of Joseph W. Norvell as receiver, and among the assets transferred to the receiver were said notes; that Norvell duly assigned, transferred and delivered the notes to George M. Fletcher in 1902, and that Fletcher duly assigned, transferred and delivered them to the plaintiff in June, 1911. The answer attempts to deny the assignments on information and belief. The form of the denial is defective, but advantage should have been taken of this by motion before trial. The plaintiff proved the assignments from Norvell to Fletcher and from Fletcher to the plaintiff, but no proof was offered of the assignment, transfer or delivery by the Louisville Deposit Bank to the German National Bank. Treating the denial as sufficient for the purposes of the trial, it appears that the defendant merely attempted to deny that the " assignments " of the several promissory notes were made. There is no denial that the notes were " duly transferred and delivered " by the Louisville Deposit Bank to the German National Bank, and if they were duly transferred and delivered the denial of the assignment is of no consequence. Accordingly, as the answer admitted, by not denying, that the notes were duly transferred and delivered, there was no failure of proof because the plaintiff failed to prove that they were " assigned." Furthermore, defendant, who was the president

of the Louisville Deposit Bank at the time of the transactions, testified that the Louisville Deposit Bank borrowed money from the German National Bank and these notes were transferred to the latter. Testimony to the same effect was given by the witness Oppenheimer. The only question in the case, therefore, was the bar of the Statute of Limitations.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.