LEON KAHN and Another, Copartners, Trading and Doing Business under the Firm Name and Style of KAHN FRERES, Respondents, v. COMMERCIAL UNION OF AMERICA, INC., Appellant.

First Department, November 1, 1929.

*Victor Willard Cutting* of counsel [*Cutting, Phillips & Hall*, attorneys], for the appellant.

*Nathan Ballin* of counsel [*Julius M. Lowenstein*, attorney], for the respondents.

MARTIN, J. The plaintiffs are members of a partnership located in Paris, France, and the defendant is a domestic corporation, its principal place of business being in the city, county and State of New York. The complaint sets forth two contracts for the sale of chocolate by the defendant to plaintiffs; one contract alleged to have been entered into on September 26, 1919, and the other on October 1, 1919. There are four causes of action arising out of

these two contracts. The first and third arise out of contract No. 1, and the second and fourth arise out of contract No. 2.

Contract No. 1 provided for shipment of the merchandise and delivery of the bills of lading therefor at New York against payment at New York in October or November, 1919, and shipment thereunder was in fact made during November, 1919. The documents covering the same were delivered to the Equitable Trust Company, New York, the plaintiff's bank, against receipt of payment in full in November, 1919, and the merchandise was examined by plaintiffs at destination on December 15, 1919.

The second cause of action arises out of the second contract under the terms of which the goods were originally to be shipped in December, 1919, against payment in New York. Under a modification of this contract, the delivery was made to the plaintiffs in New York against payment in full at New York, during December, 1919.

To all of the causes of action the defendant has set up the six-year Statute of Limitations. The plaintiff moved to dismiss that defense on the ground that the six-year statute has no application.

The Special Term granted the motion to strike out the defense and held that the contract was governed by the thirty-year French or Belgian statute.

The plaintiffs rely on section 13 of the Civil Practice Act which reads as follows: " Limitation in action arising outside of the State. Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of the time limited by the laws of the State or country where the cause of action arose, for bringing an action upon such cause of action, except where the cause of action originally accrued in favor of a resident of this State."

This section must be read with others relating to the same subject. By this section it was not intended to extend the time to bring all actions because they arose outside of this State, nor was it intended to give additional time to bring an action against a resident of this State.

The appellant contends that the statute is not an additional limitation, but applies only where the foreign statute is shorter than our own, under which circumstances the shorter statute controls except where the cause of action is in favor of a resident of this State. Under this latter exception a resident of this State is given an advantage by our statute when bringing his action here even though the statute in the foreign State or country has run against the claim.

None of the cases cited hold that a non-resident plaintiff suing a

resident may ignore our Statute of Limitations and apply the foreign statute because it is more favorable.

In the case of *Isenberg* v. *Rainier* (145 App. Div. 256) this court said: " The effect of section 390a of the Code of Civil Procedure [now Civ. Prac. Act, § 13] is not to substitute the foreign Statute of Limitations for our own, but to impose it as an additional limitation. Thus an action, whether by a resident or non-resident, *must* be brought within the time limited by our general Statute of Limitations; and, if it arose in a foreign State in favor of a non-resident, it *cannot* be brought after the time limited by the laws of the State in which the cause of action arose. Thus a resident of this State, if not protected by the laws of the State in which the cause of action arose, by reason of his continued absence from that State, may still claim the protection of our own Statute of Limitations."

In the case of *Kirsch* v. *Lubin* (131 Misc. 700), which this court unanimously affirmed (223 App. Div. 826), a similar proposition was passed upon, and there the court said: " The obvious meaning of the quotation in the light of the legislative policy to favor our residents is that the period of limitation of the State where the action arose is substituted for our own, but only if it is shorter than ours, except as to resident plaintiffs, who are favored in not being subject to a shortening of the period of limitation. This interpretation is further sustained by the views of Chief Judge HISCOCK in *National Surety Co.* v. *Ruffin* [242 N. Y. 413, 417], already quoted, in which the ' obvious purpose ' of the section is explained."

It is evident that this section, when applied to actions brought by non-residents, can be availed of by the defendant in case the foreign statute is shorter than our own and it is of no value to a non-resident plaintiff in a case where the foreign statute which he seeks to invoke against a resident is greater than our general Statute of Limitations.

We are of the opinion, therefore, that the six-year Statute of Limitations (Civ. Prac. Act, § 48) is a defense to this action and that the motion should have been denied.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.