Ralph DePIETRO, Plaintiff, Appellant,

v.

Clyde W. TARTER, Defendant, Appellee.

No. 5949.

United States Court of Appeals
First Circuit.

April 16, 1962.

Milton Stanzler, Providence, R. I., and Robert Satter, Hartford, Conn., for appellant.

Edward J. Regan, Providence, R. I., for appellee.

**612**

Before WOODBURY, Chief Judge, ALDRICH, Circuit Judge, and FORD, District Judge.

## PER CURIAM.

█ Plaintiff-appellant, who is out of court unless we rescue him by interpretations he wishes given to certain statutes of limitation of Rhode Island and Connecticut, makes essentially two contentions. (1) That the meaning to be given to all parts of a statute is to be restricted by what is provided in the first sentence, even though to do so would do violence to the normal meaning of later language. (2) That when it appears that the legislature amended a statute after the discovery of a defect, any amendment is to be construed, if possible, as applying only to that particular defect. We do not recognize either principle. As to the first, a statute often has more than a single, limited purpose. There is no objection to this, at least if the different matters are sufficiently related. Secondly, the discovery of a defect may well be cause for legislative review of the statute for other defects. Appellant's position is based on an inference that such other defects, in the absence of specific mention, were not discovered, from which he concludes they must remain. Whatever may be the normal situation with respect to amendments, broad remedying language should not be narrowly interpreted where the change was for the purpose of clarification.

██ We construe Rhode Island General Laws (1956) § 9–1–18, the last clause, as applying generally, as do similar statutes in many other states, to all causes of action arising in another state and there barred. Secondly, we construe Connecticut General Statutes (1958) § 52–63 as applying to any resident operator of a domestically registered car even though he may have had no Connecticut driver's license and may subsequently have left the state.

Judgment will be entered affirming the decree of the District Court.