**Donald C. SNYDER, Plaintiff,**

v.

**James B. WYLIE, Defendant.**
**Civ. No. 1948.**

United States District Court
W. D. North Carolina,
Charlotte Division.
March 29, 1965.

Ernest S. DeLaney, Jr., Charlotte, N. C., for plaintiff.

William T. Covington, Jr., Charlotte, N. C., for defendant.

CRAVEN, Chief Judge:

Choice of law—whether to apply the statute of limitations of Virginia *or* North Carolina—is the problem presented for decision in this personal injury case arising out of an automobile collision in Virginia. Plaintiff Snyder has been at all times a resident of Ohio. Defendant Wylie has been at all times a resident of North Carolina.

■ Jurisdiction exists only by reason of diversity of citizenship. If the action cannot be maintained in the Superior Court of North Carolina, it ought not to be allowed to be maintained here. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

Snyder commenced his action in this court more than two years after it arose, but within three years. It is barred if the two year Virginia statute of limitations [1] applies, and is permitted to be maintained if the three year North Carolina statute [2] applies.

If it were a new question, both logic and common sense would seem to indicate the application of *lex loci,* i. e., Virginia law. Prescription statutes prescribe no procedure. Mr. Justice Barnhill, concurring in Merchants & Planters National Bank v. Appleyard, 238 N.C. 145, 77 S.E.2d 783 (1953), pointed out

---

1. Section 8–24 of the Code of Virginia provides in pertinent part: "Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. * * *" (Virginia's tolling or suspension statute does not apply where both parties are non-residents.)

2. North Carolina General Statutes, Section 1–52(5) provides in pertinent part: "Within three years an action—
"For criminal conversation, or for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated."

that statutes of limitation when pleaded become conditions precedent to the maintenance of the action and cut off *the right.* Traditionally, the right to recover, if any, is determined by the law of the state wherein the cause of action arose. 16 Am.Jur.2d "Conflicts of Laws" Section 71. But, as Mr. Justice Barnhill said, "[T]he judicial mind sometimes becomes closed. Apparently on this question it has become closed, clamped down, and padlocked." Merchants & Planters National Bank v. Appleyard, 77 S.E.2d at 794. According to the weight of authority, and according to a majority of the members of the Supreme Court of North Carolina in the Appleyard case, the prescription statute of the forum is applicable on the theory that it is adjective or procedural law. 34 Am.Jur. "Limitation of Actions" Section 51; 53 C.J.S. Limitations of Actions § 27; Merchants & Planters National Bank v. Appleyard, 77 S.E.2d at 785.

Nothing else appearing, the North Carolina three year statute of limitation applies, and it is a legal irrelevancy that Snyder's claim is stale under the law of Virginia where the cause of action arose.

But defendant Wylie, moving to dismiss the Complaint, points hopefully to an enactment of the North Carolina Legislature in 1953, now codified as an amendment to Section 1–21 of the General Statutes of North Carolina. The entire statute [3] is set out in the margin with the 1953 amendment being italicized. It is urged by defendant Wylie that the italicized portion is, in effect, a general "borrowing" statute and that it is of no consequence or meaning that it was enacted in form as a proviso to former N.C.G.S. § 1–21.

Except for the circumstances of its enactment, discussed herein below, and the form of a proviso to an existing statute relating to tolling or suspending our periods of prescription, there is nothing unusual about the italicized amendment. In substance, it is a "borrowing" statute and such statutes are said to exist now in "probably all jurisdictions". 34 Am.Jur. "Limitation of Actions" Section 51(6) (Supp. 1964). Although the terms of such statutes vary greatly, they all provide, in effect, that a cause of action arising in another jurisdiction and barred by *lex loci delicti* shall likewise be barred in the courts of the forum. *Lex fori,* so frequently preferred by judges, is thus displaced by the command of the legislature to look elsewhere for the prescription period. The result is to bar, in almost every jurisdiction, causes of action which are stale by the law of the state wherein they arose.

Is the italicized portion of N.C.G.S. § 1–21 a "borrowing" statute of general application, or is it what it appears to be in form, i. e., merely a proviso to the "tolling" statute? The answer is to be found in the legislative history of the enactment. Apparently this amendment was enacted *ad hoc*—at the invitation of the North Carolina Supreme Court—to meet a particular problem. In Merchants & Planters National Bank v. Appleyard, supra, the court was faced with the problem of permitting a suit in this State which was alive under the prescription law of the state where the cause of action arose but which was stale under the

---

3. G.S.N.C. § 1–21. "Defendant out of State; when action begun or judgment enforced.—

"If, when the cause of action accrues or judgment is rendered or docketed against a person, he is out of the State, action may be commenced, or judgment enforced, within the times herein limited, after the return of the person into this State, and if, after such cause of action accrues or judgment is rendered or docketed, such person departs from and resides out of this State, or remains continuously absent

therefrom for one year or more, the time of his absence shall not be a part of the time limited for the commencement of the action, or the enforcement of the judgment. *Provided, that where a cause of action arose outside of this State and is barred by the laws of the jurisdiction in which it arose, no action may be maintained in the courts of this State for the enforcement thereof, except where the cause of action originally accrued in favor of a resident of this State.*"

North Carolina statute of limitations. The decision was to permit the maintenance of the action. The majority achieved this result in two steps: (1) *lex fori* was held applicable and to bar the maintenance of the action, and (2) the tolling statute was construed to extend the North Carolina prescription period although plaintiff was a Texas bank suing a resident of Texas who had recently come to North Carolina. Mr. Justice Barnhill, concurring, reached the same result more directly: he would simply have applied the Texas prescription period rather than that of North Carolina. A major problem, unresolved by the majority opinion, and not arising on the facts of the case, was pointed out by Mr. Justice Barnhill: the majority rationale left open the possibility that such a construction of the tolling statute would permit prosecution of a claim which had been stale even ten or twenty years under the *lex loci*. Merchants & Planters National Bank v. Appleyard, 77 S.E.2d at 795. Mr. Justice Barnhill's concern was plainly shared by the other members of the court. The majority opinion concludes with the court noting: "that many jurisdictions * * * have adopted legislation which may prevent recovery on a cause of action arising out of the state of the forum, if such action, at the time of its institution, was barred in the jurisdiction in which it arose. Whether we should take similar action is a matter for the Legislature." Id. at 789.

At the next session of the legislature, on the recommendation of the Judicial Council of North Carolina, the door left open by the court was closed by the legislature with the enactment of the amendment to N.C.G.S. § 1–21. How tightly was it closed? Was it left ajar enough to permit prosecution of a claim stale by Virginia law so long as the claim was not stale under the pertinent North Carolina prescription statute? Or was it shut entirely so as to bar all claims stale by the law of the state wherein they arose?

These questions require examination of N.C.G.S. § 1–21 *before* it was amended by the so-called "borrowing" statute. It was, and still is, simply a "tolling" statute, the effect of which is simply to extend periods of prescription under certain conditions, e. g., departure from this State so as to prevent being sued here. But it is important to remember that it had been construed in the Appleyard case so as to toll or suspend the running of North Carolina periods of prescription indefinitely and in favor of non-residents as against defendants coming into this State for the first time. As feared by Mr. Justice Barnhill, such a construction would permit prosecution of claims arising in a foreign state between residents of that foreign state which had been stale for as long as twenty years by the law of that state upon the happenstance of one of the parties moving into North Carolina. Our prescription period would begin to run from the time of arrival of the non-resident in this State, and the claim could be prosecuted within the allowable North Carolina period however long it might have been barred in the foreign state.

Such an undesirable result might have been avoided in several ways, two of which readily come to mind: (1) enactment of a general borrowing statute referring our courts in all cases to the prescription period of the state wherein the claim arose, or (2) enactment of a limitation on the broad ambit of the tolling statute. Plainly, the legislature chose the latter solution. It was not accidental and insignificant that the so-called "borrowing" statute was tacked on to the tolling statute as a proviso. The "borrowing" amendment is to be applied only *after* the tolling statute operates. The convolution of theory is as follows: (1) the prescription period to be applied is that of *lex fori*; (2) if the prescription period of the forum has expired it may be extended by application of the "tolling" statute, as expounded in the Appleyard case; (3) *provided that* no extension of the prescription period of the forum shall be permitted if the prescription period of the jurisdiction in which the action arose has run out.

In Appleyard, supra, the claim arose in Texas and the Texas prescription period was four years, while that of North Carolina was three years. Suit was brought in North Carolina three years after the cause of action arose but within the four year period. It was allowed to be maintained. The result would still be the same after the amendment of N.C. G.S. § 1–21 because the North Carolina period would be tolled. But if the same claim were brought in North Carolina more than four years after it arose, *lex fori* prescription period could not be tolled or suspended because of the amendment to N.C.G.S. § 1–21.

The amendment is plainly what it appears in form to be: a limitation on the North Carolina *tolling* statute to prevent its operation where the claim is barred by *lex loci.*

Snyder's claim has been brought in North Carolina within the three year prescription period of the forum. The North Carolina tolling statute obviously has no application for the simple reason that the North Carolina three year prescription period has not run out. It is unnecessary to consider whether it might be tolled or suspended. Since the tolling statute can have no possible application to Snyder's claim, and since the "borrowing" statute has been enacted as a "proviso" to the tolling statute, it, likewise, has no application to the instant case.

"Generally, a proviso is a clause engrafted on a preceding enactment for the purpose of restraining or modifying the enacting clause, or of excepting something from its operation which otherwise would have been within it, or of excluding some possible ground of misinterpretation of it, as by extending it to cases not intended by the legislature to be brought within its purview." 82 C.J.S. Statutes § 381. The Legislature of North Carolina did not intend that our tolling statute be so construed as to permit the prosecution of claims stale by *both* the North Carolina prescription period *and* the prescription period of the state wherein the claim arose. The amendment accomplished the purpose to which it was directed: reference to the *lex loci delicti* if the prescription period of *lex fori* had run out.

By way of summary, I think the prescription law of North Carolina to be as follows:

(1) Prescription periods, within which time actions may be seasonably brought, are those specified by *lex fori.*

(2) There is no *general* "borrowing" statute which refers our courts to *lex loci* for determining prescription periods.

(3) Only when the claim is stale under *lex fori,* and only when the circumstances invoke the application of the "tolling" statute to revive it, are our courts referred to *lex loci delicti* for determination of the period of prescription.

For the foregoing reasons, it is my best judgment that the Supreme Court of North Carolina, if faced with the problem, would permit Snyder to prosecute his claim which is stale in Virginia for the simple reason that it is not stale under the prescription law of the State of North Carolina, which is the law to be applied.

Snyder's claim for personal injuries in the sum of $300,000.00, and his claim for property damage to his automobile in the sum of $239.21 are properly joined in this action. "A single plaintiff suing a single defendant may aggregate all his claims to make up the jurisdictional amount * * * ." 2 Barron & Holtzoff, Federal Practice and Procedure, § 503, p. 73; see also Gray v. Blight, 112 F.2d 696 (10th Cir. 1940).

Wylie's Motion to Dismiss will be denied.