NORMAN LITTLE v. ALVIN O. STEVENS.

(Filed 25 May, 1966.)

**1. Courts § 20; Limitation of Actions § 10—**

The effect of the 1955 amendment to G.S. 1-21 is to bar all actions by nonresidents on a transitory cause of action arising in another state when such action is barred in the state in which it arose at the time of institution of action here, since the language of the amendment and the history of the statute disclose the legislative intent that the amendment should constitute a limitation and should not be restricted to the mere tolling of the statute by reason of nonresidence.

**2. Statutes § 6—**

A proviso of a statute must be constructed to effect the legislative intent and will not be restricted by construction to the subject matter of the main statute when the legislative intent is apparent that it should be given general effect as an independent act.

**3. Statutes § 5—**

A construction which will result in undesirable consequences will be rejected when the act is susceptible of another construction which will avoid such undesirable consequences, since it will be assumed that the Legislature intended the latter construction.

**4. Appeal and Error § 49—**

A finding of fact by the court relating to a matter not supported by allegation in the pleading is feckless.

**5. Limitation of Actions § 16—**

When the date the cause of action accrued appears in the complaint and the statute of limitations barring the action is pleaded, defendant's plea in bar must be allowed when plaintiff fails to allege by reply any facts which would avoid the plea in bar by bringing the action within a particular exception or saving provision of the statute.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Nimocks, E.J.*, March 1965 Civil Session of CUMBERLAND, docketed in the Supreme Court as Case No. 696 and argued at the Fall Term 1965.

Plaintiff, a resident of the State of Tennessee, instituted this action in Cumberland County on November 21, 1963, to recover $45,-000.00 for personal injuries and $400.00 for property damage, allegedly sustained in an automobile collision which, he avers, was caused by defendant's negligence. The collision occurred on April 18, 1962, in the parking lot of a shopping center in Shelby County, Tennessee. Answering the complaint, defendant denied his alleged residence in North Carolina. He also denied that he was negligent,

asserted plaintiff's contributory negligence, and pled in bar of plaintiff's action the provisions of G.S. 1-21 and the Tennessee statute of limitations (Tenn. Code. Ann. Ch. 28 § 304), which provides that actions for injuries to the person "shall be commenced within one (1) year after cause of action accrued." Plaintiff filed no reply.

The judge presiding at the September 1964 Session entered an order that defendant's plea in bar be heard prior to any trial upon the merits. Thereafter, the parties waived a jury trial as to the plea in bar, and Judge Nimocks heard the matter. In addition to the facts already recited, he made the following findings to which no exceptions were taken: Plaintiff, a resident of Tennessee at the time of the accident in suit, brought a prior action, identical with this one, against defendant in the Circuit Court of Shelby County, Tennessee, in March 1963. Upon defendant's "Plea in Abatement" (the nature of which is not disclosed), the cause was dismissed on June 28, 1963. In July 1962, prior to institution of that action, defendant had departed the State of Tennessee. Thereafter, defendant was physically present in the State of North Carolina until and beyond November 21, 1963, the date this action was instituted — one year, seven months, and three days after the cause of action accrued in Tennessee. The residence of defendant was not found.

Judge Nimocks, being of the opinion that plaintiff's action for personal injuries was barred by the Tennessee statute of limitations, dismissed it but retained the cause for property damages. From the judgment entered, plaintiff appeals.

*McGeachy, Pope & Whitfield for plaintiff appellant.*
*Quillin, Russ, Worth & McLeod for defendant appellee.*

SHARP, J. In Tennessee, actions for injuries to the person must be commenced within one year after the cause of action accrues; for injuries to personal property, within three years. Tenn. Code Ann. Ch. 28, §§ 304, 305. Since, on November 21, 1963, plaintiff's suit for property damage was not barred in either Tennessee or North Carolina, he is clearly entitled to maintain that action here. His right to maintain the action for personal injuries, however, depends upon whether the limitations of North Carolina or Tennessee are applicable. If the former, the action is timely; if the latter, it may be barred. To answer this question, we must ascertain the Legislature's intention when, by Sess. L. 1955, ch. 544, it amended G.S. 1-21. This statute, with the 1955 amendment italicized, is as follows:

"Defendant out of State; when action begun or judgment enforced. — If, when the cause of action accrues or judgment is

rendered or docketed against a person, he is out of the State, action may be commenced, or judgment enforced, within the times herein limited, after the return of the person into this State, and if, after such cause of action accrues or judgment is rendered or docketed, such person departs from and resides out of this State, or remains continuously absent therefrom for one year or more, the time of his absence shall not be a part of the time limited for the commencement of the action, or the enforcement of the judgment. *Provided, that where a cause of action arose outside of this State and is barred by the laws of the jurisdiction in which it arose, no action may be maintained in the courts of this State for the enforcement thereof, except where the cause of action originally accrued in favor of a resident of this State.*"

The Legislature added the above proviso to the statute after this Court's decision in *Bank v. Appleyard,* 238 N.C. 145, 77 S.E. 2d 783. The facts in *Appleyard* were these:

On December 6, 1947, the defendant, then a resident of Texas, executed and delivered to the plaintiff, a Texas bank, an unsealed promissory note, payable on February 4, 1948. The defendant continued to reside in Texas until December 1951, when he moved to North Carolina. On January 29, 1952 — seven days prior to the expiration of the Texas four-year prescription on unsealed notes, but after the three-year period allowed by North Carolina — the plaintiff brought suit here on the note. This Court held, in accordance with the well-settled rule, that North Carolina's three-year limitation, not Texas' four-year prescription, was applicable, since procedural rights are governed by the *lex fori. Accord, Sayer v. Henderson,* 225 N.C. 642, 35 S.E. 2d 875; *Smith v. Gordon,* 204 N.C. 695, 169 S.E. 634; 53 C.J.S., Limitations of Actions § 27 (1948). See Note, 4 Duke B. J. 71 (1954). The majority of the Court concluded, however, that the plaintiff's claim was not barred, because our three-year limitation had been tolled by G.S. 1-21. This section was interpreted to mean that, where a cause of action accrued against a person who was then without the State, our limitations did not begin to run until that person came into the State (if he had never before resided here), or returned here if he had been temporarily absent. The effect of the case was to toll our limitations in behalf of a nonresident plaintiff as against a defendant until the latter came into North Carolina. Thus, under *Appleyard,* no matter how stale a plaintiff's claim — no matter that it had been barred ten, twenty, or thirty years in the state of its origin — the defendant's entry into this State immediately revived it, and limitations

began to run here only from the date of the resurrection. The majority and concurring opinions recognized that the primary purpose of G.S. 1-21 was to toll the statute in favor of resident plaintiffs when defendants (resident or nonresident) were beyond the reach of our courts, and that the decision discriminated unduly in favor of nonresident plaintiffs. By calling attention to the statutes of other states — particularly that of New York — this Court clearly suggested that the Legislature consider enacting a statute which would prevent a nonresident from prosecuting here a claim barred in the state where it arose. The majority opinion concluded with this observation:

> "It will also be noted that many jurisdictions, while adhering to the majority view, have adopted legislation which may prevent recovery on a cause of action arising out of the state of the forum, if such action, at the time of its institution, was barred in the jurisdiction in which -it arose. Whether we should take similar action is a matter for the Legislature. Be that as it may, the cause of action involved herein was not barred in the jurisdiction in which it arose at the time the present action was instituted." *Id.* at 152, 77 S.E. 2d at 789.

In *Appleyard,* it was pointed out that the majority of decisions in other jurisdictions had applied the tolling statute of the forum to causes arising out of the State. In some states this rule prompted legislation designed solely to limit the application of the tolling statute; in others, it resulted in the enactment of borrowing statutes of general application.

> "These statutes were necessitated by the rule that the period is interrupted by absence of the defendant from the forum whether the cause of action arose in the forum or in a foreign jurisdiction against a nonresident defendant. In the absence of a borrowing statute, this rule would permit actions which have long since been barred by the *lex loci* and by the statutes of the state where the defendant resided and which would have been barred by the forum had the defendant resided there since the cause of the action arose. Borrowing statutes provide only a shorter time limit than the local period, which is still applicable to bar an action not barred. by the borrowed foreign limitation."
> Developments in the Law, Statutes of Limitations, 63 Harv. L. Rev., 1177, 1262-63 (1950).

Although their terms vary greatly, "probably all jurisdictions" have now enacted statutes "which. provide in effect . . . that a

cause of action arising in another jurisdiction or affecting a non-resident defendant and elsewhere barred shall be barred in the domestic courts." 34 Am. Jur., Limitation of Actions § 51(6) (Supp. 1965). The purpose and effect of statutes such as the New York Act quoted in *Appleyard* is stated in 2 Carmody, New York Practice § 488 (2d Ed. 1930):

> "The purpose of this provision is to prevent a non-resident claimant from coming into this State and prosecuting a claim, whether against a resident or a non-resident, under the New York statute of limitations, where the claim would be outlawed under the statute prevailing in the state where the cause of action arose. *The effect is not to substitute the foreign statute of limitations for our own, but to impose it as an additional limitation.* Thus, an action arising in a foreign state in favor of a non-resident, must be brought within the time limited by the New York statute of limitations; and it cannot be brought after the time limited by the laws of the state in which the cause of action arose. *The only effect of the statutory provision, if it is applicable at all, is to shorten the period of limitation.*
>
> "A resident plaintiff is made an exception in this statute, and is thus favored in not being subject to a shortening of the period of limitation where the cause of action arose without the State." (Italics ours.) *Accord, Kahn v. Commercial Union of America,* 227 App. Div. 82, 237 N.Y.S. 94; *Kirsch v. Lubin,* 131 Misc. 700, 228 N.Y.S. 94, *Affirmed,* 248 N.Y. 645, 162 N.E. 559; *Dodge v. Holbrook,* 107 Misc. 257, 176 N.Y.S. 562; *Dalrymple v. Schwartz,* 177 App. Div. 650, 164 N.Y.S. 496; *Isenberg v. Ranier,* 145 App. Div. 256, 130 N.Y.S. 27.

The foregoing statement by Carmody is expressive of the general rule as to the effect of these statutes. "With the exception of Kentucky decisions, the rule is followed with little question that a statute admitting the bar of the law of any other state or country does not so adopt the foreign law as to lengthen the limitation period otherwise prescribed at the forum." Annot., Foreign Bar — Local Statute Admitting, 75 A.L.R. 203, 231 (1931); *Accord,* Annots., 149 A.L.R. 1224, 1237 (1944); 67 A.L.R. 2d 216, 218 (1959). See also 53 C.J.S., Limitations of Actions § 31 (1948).

Prior to the 1955 amendment adding the proviso to G.S. 1-21, plaintiff's right to maintain this action for personal injuries in North Carolina would, under the *Appleyard* decision, have been unquestioned. Since this Court would have applied our own three-year statute, which had not run, the Tennessee one-year limitation would

have been legally irrelevant. The question then becomes: What is the effect of the 1955 amendment upon the law of *Appleyard?* If it is merely a limitation upon the tolling provisions of G.S. 1-21, the proviso never comes into play unless the North Carolina limitation has expired and it is necessary to toll the statute to revive the claim. If this be the proper interpretation, the proviso has no application to this case. If, however, the proviso is interpreted literally, it bars the maintenance here of *all* foreign claims by nonresidents which are barred in the state in which they arose.

The only reported case which has construed the proviso is *Snyder v. Wylie,* 239 F. Supp. 999 (W.D.N.C.). In *Snyder,* the plaintiff, at all times a resident of Ohio, brought an action on October 9, 1964, in the U. S. District Court for the Western District of North Carolina against the defendant, at all times a resident of North Carolina, for personal injuries sustained in Virginia on October 13, 1961. In bar of the plaintiff's right to recover, the defendant pled Virginia's two-year statute of limitations. The question there, as in the instant case, was whether G.S. 1-21, as amended, applied generally so as to bar litigation here of out-of-state causes of action barred in the jurisdiction where they arose, or whether it merely limited the operation of the tolling statute which would otherwise be applicable. The plaintiff contended that the amendment was merely a limitation upon tolling; that it had no application because (1) the defendant was never out of North Carolina, and (2) the action having been brought within the North Carolina period, tolling was unnecessary. The plaintiff argued that, unless a claim is barred in North Carolina *and* by *lex loci,* a plaintiff may sue here. The defendant contended that the proviso not only restricted the application of the tolling provisions, but that it applied generally to prevent the enforcement in North Carolina of all foreign causes of action which were stale in the state of origin.

The opinion of the District Court says clearly that, except for its legislative history and its enactment in the form of a proviso to the tolling statute, the amendment, in the Court's opinion, would have operated generally to bar actions here when they are barred in the state of origin. "In substance," it said, the amendment "is a 'borrowing' statute" such as now exists in "probably all jurisdictions." *Id.* at 1001. The Court, however, persuaded by the form and its interpretation of the history of the amendment, adopted plaintiff's contentions. It held the amendment to be a limitation on the tolling statute and denied defendant's motion to dismiss plaintiff's action.

The closely reasoned opinion in *Snyder* employs such a lucid "convolution of theory" that admiration for its artistry tempts its adoption. Nevertheless, our conclusion — likewise drawn from the legislative history of the proviso — is that the Legislature intended it to be a limited borrowing statute, operating to bar the prosecution in this State of all claims barred either in the state of their origin, or in this State.

It was at its next session following the decision in *Appleyard* that the Legislature enacted the proviso in question, upon the recommendation of the Judicial Council of the State of North Carolina, which had prepared the bill. The Council's report (page 21) explained that the amendment

". . . would clarify the law in this area [*Appleyard*] and bring North Carolina in line with several other states which have enacted legislation to the effect that where the cause of action has arisen out of the state, an action cannot be maintained in this state if it is barred by the laws of the state where it arose, unless the action originally accrued in favor of a resident of this state. This will prevent the bringing of stale claims into our courts and at the same time give North Carolina residents the benefit of our own statute." ·

It is apparent from the above that the Judicial Council had in mind a borrowing statute and not merely a limitation on tolling. The amendment was designed (1) to clarify the law, and (2) to bar stale out-of-state claims. To treat the proviso merely as a limitation would accomplish neither of these purposes. For example, when the prescription period of a foreign state is shorter than that of North Carolina, such an interpretation would resurrect a stale claim; but it would not extend our period so as to save an action where the foreign limitation is longer than North Carolina's and the defendant had never left the state. If, however, the proviso be treated as a limited borrowing statute, *no* action barred in the state of origin may be litigated here.

Construing § 9-1-18 of the Rhode Island General Laws (1956), a statute similar to G.S. 1-21 as amended, the Court of Appeals for the First Circuit, in *DePietro v. Tarter*, 302 F. 2d 611 (1st Cir.), arrived at a different conclusion from that reached by the District Court in *Snyder*. The Rhode Island statute reads:

"If any person against whom there is or shall be cause for action, hereinbefore enumerated, in favor of a resident of the state, shall at the time such cause accrue be without the limits thereof, or, being within the state at the time such cause ac-

crues, shall go out of the state before said action shall be barred by the provisions of this chapter, and shall not have or leave property or estate therein that can be attached by process of law, then the person entitled to such action may commence the same, within the time before limited, after such person shall return into the state in such manner that an action may, with reasonable diligence, be commenced against him by the person entitled to the same; *provided, however,* that no action shall be brought by any person upon a cause of action accruing without this state which was barred by limitation or otherwise in the state, territory or country in which such cause of action arose while he resided therein." (Italics ours.)

In *DePietro,* the court, in a *per curiam* opinion, held that the proviso had general application and, in this connection, said:

"We construe Rhode Island General Laws (1956) § 9-1-18, the last clause, as applying generally, as do similar statutes in many other states, to all causes of action arising in another state and there barred." 302 F. 2d at 612.

In arriving at its construction of the proviso, the court rejected the plaintiff's contention that "the meaning to be given to all parts of a statute is to be restricted by what is provided in the first sentence, even though to do so would do violence to the normal meaning of later language." Rejected also was the plaintiff's contention that when the Legislature amends a statute after the discovery of a defect, any amendment is to be construed, if possible, as applying only to that particular defect. The court said,

"(A) statute often has more than a single, limited purpose . . . (T)he discovery of a defect may well be cause for legislative review of the statute for other defects. . . . Whatever may be the normal situation with respect to amendments, broad remedying language should not be narrowly interpreted where the change was for the purpose of clarification." *Ibid.* (Italics ours.)

A statute in the form of a proviso must be construed to effect the intention of the Legislature; and, where the language of the statute is clearly of general application, a proviso may be given the effect of an independent law. 82 C.J.S., Statutes § 381, p. 888 (1953); 50 Am. Jur., Statutes §§ 435-440 (1940). This principle was clearly recognized in *Propst v. R. R.,* 139 N.C. 397, 399, 51 S.E. 920, 921, where this Court said:

"The general office of a proviso is either to except something from the enacting clause or to qualify or restrain its generality or to exclude some possible ground of misinterpretation of it, and usually it is not permitted to enlarge the meaning of the enactment to which it is appended, so as itself to operate as a substantive enactment. It relates generally to what immediately precedes it and is confined by construction to the subject matter of the section of which it is a part. *These rules are, however, not absolute and, after all, if the context requires it, the proviso may be construed as extending to, and qualifying other sections or even as being tantamount to an independent provision, the main object being to enforce the will of the Legislature, as it is manifested by the entire enactment. . . . The intention of the lawmaker, if plainly expressed, must have the force of law, though it may be in the form of a proviso, the intention expressed being paramount to form.*" (Italics ours.) *Accord, Bank v. M'F'G Co.,* 96 N.C. 298, 3 S.E. 363.

When we give to the language of the proviso its ordinary meaning, we conclude we have a limited borrowing statute which bars all stale foreign claims. Had the amendment been intended merely as a limitation on tolling, we think the Legislature would simply have said, "Provided, that where a cause of action arose outside of this State and is barred by the laws of the jurisdiction in which it arose, the provisions of this section shall not apply." Instead, it said that "no action may be maintained in the courts of this State for the enforcement" of an action barred in the jurisdiction where it arose, "except where the cause originally accrued in favor of a resident of this State."

If an act is susceptible to more than one construction, the consequences of each are a potent factor in its interpretation, and undesirable consequences will be avoided if possible. 50 Am. Jur., Statutes § 368 (1940). Considering the ever-increasing number of domestic actions, we think it would be undesirable to burden our dockets with foreign causes barred by the *lex loci.* We believe that the Legislature acted to decrease the burden.

Since we hold that our statute borrows the one-year period prescribed by Tennessee, defendant's plea based thereon imposed upon plaintiff the burden of showing that he could have maintained his action in Tennessee on November 21, 1963, the date on which this suit was instituted. *Parsons v. Gunter,* 266 N.C. 731, 147 S.E. 2d 162; *Willetts v. Willetts,* 254 N.C. 136, 118 S.E. 2d 548; *Speas v. Ford,* 253 N.C. 770, 117 S.E. 2d 784; *Solon Lodge v. Ionic Lodge,* 247 N.C. 310, 101 S.E. 2d 8. In his brief, plaintiff argues that he

could have done so because (1) the Tennessee one-year limitation statute was tolled by defendant's departure from that state in July 1962 (Tenn. Code Ann. Ch. 28 § 112), and (2) the action was "saved" by Tenn. Code Ann. Ch. 28 § 106 which, like our G.S. 1-25, provides for the recommencement of a new action within one year after a dismissal of a timely action upon any ground other than decision upon the merits. Defendant argues that the cases of *Arrowood v. McMinn County,* 173 Tenn. 562, 121 S.W. 2d 566, and *Oliver v. Altsheler,* 198 Tenn. 155, 278 S.W. 2d 675, answer both of these contentions against plaintiff.

It may be that these cases do not support the propositions for which defendant cites them, and that plaintiff could have successfully avoided the bar of the statute. However, we are not called upon to decide the matter because plaintiff has not, *in any pleading,* set out facts which would repel defendant's plea in bar.

In *Reid v. Holden,* 242 N.C. 408, 88 S.E. 2d 125, it appeared affirmatively that the action for an alleged assault, occurring on April 12, 1952, was instituted on August 24, 1953. The answer interposed the plea of the one-year statute of limitations, G.S. 1-54(3). Thus, nothing else appearing, the action was barred. The plaintiff filed a reply, but alleged no facts which would repel the plea of the statute. Bobbitt, J., speaking for the Court, raised this *quaere:* "When the complaint discloses that plaintiff's action is barred by a statute of limitations pleaded by defendant, *and the plaintiff replies thereto* without alleging facts sufficient to repel defendant's plea, should such action be dismissed as a matter of law?" *Id.* at 416, 88 S.E. 2d at 131. The question was not answered because the case was to be remanded, and the plaintiff, if so advised, could move for leave to plead such facts, if any there were, as would repel the bar of the statute.

*Stubbs v. Motz,* 113 N.C. 458, 18 S.E. 387, was an action to reform an instrument for mutual mistake. Although the date of execution of the instrument appeared in the complaint, there was no allegation as to the date on which the plaintiff discovered the mistake. The defendant pled the statute of limitations; the plaintiff filed no reply. The trial judge held that, upon the face of the pleadings, the action was barred. Upon appeal, his judgment was reversed. The Court said,

> "The limitation prescribed is not three years from the mistake, but from its discovery. . . . As the date of the discovery of the mistake does not appear in the complaint, the plaintiff should have been allowed to prove, if he could, that it was

within three years before this action was begun." *Id.* at 459, 18 S.E. at 387.

The opinion pointed out, however, that "when the date of the accruing of the cause of action appears in the complaint and the statute of limitations is pleaded, the court can, of course, pass judgment, *unless matter in avoidance is pleaded. . . ."Ibid.* (Italics ours.) *Accord, Speas v. Ford, supra.*

This statement is in accord with the general rule stated in 54 C.J.S., Limitations of Actions §§ 376-77 (1948), as follows:

"(W)here a party against whom limitations have been pleaded attempts to bring himself within a particular saving or exception, he must state with distinctness and particularity all such facts as are essential to bring him within such exception. . . . In pleading nonresidence or absence from the state, as a general rule it is necessary to bring the case clearly within the exception in the statute by appropriate allegations of fact. . . . Where the dismissal of a former action, or a nonsuit or the reversal or arrest of a judgment therein, is relied on to show that a subsequent action is within the exception of the statute which extends the time for suing in such cases, plaintiff must plead specially in this respect. . . ."

See the rationale of this procedure given by Dean Dickson Phillips in his 1964 Supplement to 1 McIntosh, N. C. Practice and Procedure § 373.

After defendant's plea of the one-year Tennessee prescription, which, *prima facie,* barred his action, plaintiff filed no reply. Nor had he theretofore alleged any facts which would have avoided the plea in bar. Whatever may be the legal effect of the Judge's findings, plaintiff may not avail himself of them for they are unsupported by allegations. Presumably they were based upon evidence, although none appears in the record. But however that may be, "proof without allegation is as unavailing as allegation without proof." *Talley v. Granite Quarries Co.,* 174 N.C. 445, 447, 93 S.E. 995, 996-97.

The Tennessee one-year statute of limitations, being shorter than our three-year prescription, imposed an additional limitation upon plaintiff's right to maintain his action in North Carolina. It appearing on the face of the complaint that the cause of action accrued more than one year from the date on which plaintiff instituted this action, defendant's plea in bar was *prima facie* good. For plaintiff to have avoided the bar of the statutory limitation, he was required to plead by reply facts which would have brought him within a savings

provision or exception to the statute. This he did. not do. The judgment must be

Affirmed.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.