HAL W. BROADFOOT, ANCILLARY ADMINISTRATOR OF THE ESTATE OF RICHARD
    D. ECHARD, v. ANNIE SMITH EVERETT, EXECUTRIX OF THE ESTATE
    OF WILLIAM AUSTIN EVERETT.

(Filed 24 May, 1967.)

**1. Courts § 20;  Limitation of Actions § 10—**

The proviso contained in the 1955 amendment to G.S. 1-21 has the effect
of barring in this State a cause of action arising in another state if, at
the time of the institution of the action here, the cause is barred in the
state in which it arose, unless the action originally accrued in favor of a
resident of this State.

**2. Same;  Death § 3—**

While an action for wrongful death must be brought by the personal
representative, the personal representative is not the real party in in-
terest, and therefore the fact that an action for wrongful death is brought
by an ancillary administrator appointed in this State does not constitute
the action one accruing to a resident of this State within the meaning of
the proviso to G.S. 1-21.

**3. Limitation of Actions § 10—**

The purpose of tolling a statute of limitations when defendant is not
within the state is to prevent a defendant from defeating a claim by ab-
senting himself therefrom, and, where, in the state in which the cause
of action arose, a nonresident defendant may be served by substituted ser-
vice upon a state official, the statute is not tolled so as to preclude the
nonresident defendant from asserting the benefits of an applicable stat-
ute of limitations.

**4. Same—**

This action for wrongful death was based upon an airplane crash oc-
curring in the State of Pennsylvania, plaintiff's intestate being a resi-
dent of Maryland and defendant's intestate being a resident of North
Carolina. The action was not brought until more than a year after cause
of action arose, and the State of Pennsylvania prescribed a one-year stat-
ute of limitations. Under Pennsylvania law, defendant was subject to sub-
stituted service of process. *Held:* The cause of action being barred in the
state in which it arose, the action is barred in this State.

APPEAL by plaintiff from *Clark, S.J.,* 9 January 1967 Civil Ses-
sion of CUMBERLAND.

Action for wrongful death under G.S. 28-173, dismissed upon
defendant's plea in bar.

The pertinent facts are either admitted by the pleadings or stip-
ulated. Both plaintiff's intestate, Richard D. Echard, and defend-
ant's testate, William Austin Everett, died on 19 September 1964 in
the State of Pennsylvania when an aircraft belonging to defendant's
testate (and allegedly piloted by him) crashed on Tuscarora Moun-
tain. Echard was a resident of the State of Maryland. His next of
kin (his widow and two surviving children) are not now, and never

have been, residents of North Carolina. Plaintiff, a resident of North Carolina, was appointed ancillary administrator for Echard on 23 March 1966 by the Clerk of the Superior Court of Cumberland County. At the time of his death, defendant's testate was a resident of North Carolina. Defendant, also a resident of this State, duly qualified as Everett's executrix on 2 October 1964.

Plaintiff instituted this action in Cumberland County on 26 March 1966 — one year, five months, and twenty-six days after his intestate's death in Pennsylvania. As a second further answer and defense, defendant alleged that more than one year elapsed between the time plaintiff's cause of action accrued on 19 September 1964, and its commencement on 26 March 1966, and, pursuant to the applicable statutes, defendant "specifically pleads said lapse of time in limitation of and in bar of plaintiff's cause of action and right to recover, if any." In reply, plaintiff alleged (1) that since defendant has never been amenable to Pennsylvania process, "no viable cause of action" has ever existed there which is subject to any statute of limitations in that State; and (2) that the cause of action "originally accrued in favor of plaintiff as a resident of North Carolina upon his appointment as administrator of Echard."

The parties agreed that, before trial on the merits, the judge might hear and determine the plea in bar without a jury. Judge Clark sustained the plea in bar. From a judgment dismissing the action, plaintiff appeals.

*Broughton & Broughton for plaintiff appellant.*
*Nance, Barrington, Collier & Singleton; Quillin, Russ, Worth & McLeod for defendant appellee.*

SHARP, J. As they relate to the facts of this case and the question presented by this appeal, the Pennsylvania statutes authorizing the action for wrongful death differ from North Carolina's only in that the period prescribed for the institution of the action in Pennsylvania is one year while in North Carolina it is two years. G.S. 28-173, G.S. 1-53; Purdon's Pa. Stat. Ann. tit. 12, §§ 1601-1603 (1953); *Echon v. Pennsylvania R. Co.,* 365 Pa. 529, 76A 2d 175.

Prior to the enactment of the proviso to G.S. 1-21 (N. C. Pub. Laws 1955, ch. 544), plaintiff's right to maintain this action would, under the decision in *Bank v. Appleyard,* 238 N.C. 145, 77 S.E. 2d 783, have been unquestioned. The Court would have applied North Carolina's two-year statute of limitations. The aftermath of the *Appleyard* decision, however, was that the legislature amended G.S. 1-21 so that it now reads:

"Defendant out of State; when action begun or judgment enforced — If, when the cause of action accrues or judgment is rendered or docketed against a person, he is out of the State, action may be commenced, or judgment enforced, within the times herein limited, after the return of the person into this State, and if, after such cause of action accrues or judgment is rendered or docketed, such person departs from and resides out of this State, or remains continuously absent therefrom 'for one year or more, the time of his absence shall not be a part of the time limited for the commencement of the action, or the enforcement of the judgment. Provided, that where a cause of action arose outside of this State and is barred by the laws of the jurisdiction in which it arose, no action may be maintained in the courts of this State for the enforcement thereof, except where the cause of action originally accrued in favor of a resident of this State."

After the 1955 amendment added the above proviso, this Court first construed G.S. 1-21 in the case of *Little v. Stevens*, 267 N.C. 328, 148 S.E. 2d 201 (filed 25 May 1966). We held that the proviso was not a limitation upon the tolling provisions of the statute but was "a limited borrowing statute, operating to bar the prosecution in this State of all claims barred either in the State of their origin or in this State." *Id.* at 334, 148 S.E. 2d at 205. Therefore, if plaintiff's claim is barred in Pennsylvania, where the cause of action arose, it is also barred here, for G.S. 1-21 now bars all stale foreign claims unless they originally accrued in favor of a resident of North Carolina.

Plaintiff administrator was himself a resident of North Carolina at the time of the death of his foreign intestate, but he was not appointed ancillary administrator until more than a year after the death of his intestate. Although, under both North Carolina and Pennsylvania law, only the administrator was authorized to bring this action, Pa. R. Civ. Proc. 2202 (1967); G.S. 28-173; *Kinlaw v. R. R.*, 269 N.C. 110, 152 S.E. 2d 329, it did not accrue in his favor, for he has no beneficial interest in the recovery. *Graves v. Welborn*, 260 N.C. 688, 133 S.E. 2d 761; *White v. Comrs. of Johnston*, 217 N.C. 329, 7 S.E. 2d 825; Purdon's Pa. Stat. Ann. tit. 12, § 1602 (1953). His intestate's widow and two surviving children, not he, are the real parties in interest. *Dixon v. Briley*, 253 N.C. 807, 117 S.E. 2d 747; *In re Estate of Ives*, 248 N.C. 176, 102 S.E. 2d 807; *Davenport v. Patrick*, 227 N.C. 686, 44 S.E. 2d 203; Purdon's Pa. Stat. Ann. tit. 12, § 1602 (1953). The ancillary administrator, appointed in North Carolina for a foreign decedent killed in Pennsylvania, is

not a resident of this State within the meaning of the proviso to G.S. 1-21; the real parties in interest have never been residents of North Carolina. Therefore, the only question presented is whether the cause of action was barred in Pennsylvania at the time it was instituted in North Carolina.

Defendant at all times after her qualification as executrix of Everett on 2 October 1964 (only thirteen days after the death of plaintiff's intestate) was amenable to the process of Pennsylvania's courts. Purdon's Pa. Stat. Ann. tit. 2, §§ 1410-1413 (1963). Under the Pennsylvania law, any nonresident owner or operator of aircraft who operates (or has the same operated) above the lands and waters of the State of Pennsylvania makes the Secretary of that Commonwealth his agent for the service of process in any action instituted against him in the courts of Pennsylvania by reason of any accident in which such aircraft was involved within the State. The applicable statute, *Id.* § 1410, specifically provides that if the nonresident owner or operator has died prior to the commencement of the action, service upon his personal representative may likewise be made upon the Secretary of the Commonwealth of Pennsylvania. If the owner or operator dies after the institution of the action, provision is made for the substitution of his administrator.

When a nonresident defendant is amenable to process, and the institution of plaintiff's action is not delayed by his absence from the state, there is no need to toll the statute of limitations until he enters or returns to the state. The purpose of a tolling statute is to prevent a defendant from defeating a claim by absenting himself from the state. 34 Am. Jur., Limitations of Actions § 221 (1941). Logic dictates, and the majority of jurisdictions hold, that, where statutory provision is made for substituted service of process upon a state official in cases arising out of motor accidents within the state, a nonresident defendant has the benefit of applicable statutes of limitations, which are not tolled or suspended by his absence from the jurisdiction. See, Annot., Statute of Limitations — Nonresident, 17 A.L.R. 2d 502, 516 (1951); 2 A.L.R. 2d Later Case Service 978 (1965), where the cases are collected.

The only two Pennsylvania cases in point which have been called to our attention have followed the majority rule. *Zarlinsky v. Laudenslager,* 73 York 66 (1960) (C. P. of Lehigh County); *Grabowski v. Noltes,* 11 D & C 2d 627 (1957) (C. P. of Allegheny County). So far as we are advised, the Supreme Court of Pennsylvania has not passed upon this question.

As to a cause of action arising in that state, a Pennsylvania law (Act of May 22, 1895, P. L. 112; Purdon's Pa. Stat. Ann. tit. 12, § 40 (1953)), provides that any defendant who becomes a nonresident

after a cause of action has arisen against him shall not have the benefit of any statute of limitations during the period of his residence outside the state.

In *Grabowski v. Noltes, supra,* the court stated the question for decision as follows: "Whether a resident of the State of Pennsylvania, who becomes a nonresident after the accident, who is charged with liability growing out of a motor vehicle accident, is now entitled to the benefit of the two years statute of limitations notwithstanding the Act of 1895 providing for a suspension of the statute of limitations during the period of his nonresidence from the State." The court answered the question YES and allowed defendant's motion for judgment on the pleadings. It reasoned as follows: The Act of 1895 was passed to prevent the running of the statute where a defendant could not be served within the state because of his absence; since the Act of May 14, 1929, P. L. 1721, a resident of Pennsylvania who becomes a nonresident after having been involved in a motor vehicle accident makes the Secretary of the Commonwealth his agent for the service of process; since the defendant could have been served, the public policy against the litigation of stale claims requires the conclusion that the running of the statute of limitations is not suspended.

In *Zarlinsky v. Laudenslager, supra* (a case similar to *Grabowski, supra*), the court said that substituted service upon the Secretary of the Commonwealth was "the ordinary process" whereby the court reached nonresident motorists and "that therefore, at least in motor vehicle accident cases, the statute of limitations is not tolled by the nonresidence of the defendant." *Id.* at 68. The same reasoning which applies the statute of limitations to nonresident motorists also applies it to nonresident aviators.

At the time this action was instituted here, it was barred in Pennsylvania where it arose; it is, therefore, also barred in North Carolina. G.S. 1-21; *Little v. Stevens, supra.* The judgment of the court below is

Affirmed.